JOHN HIGHTOWER V. THE STATE.

No. 8906. Delivered March 31, 1926.

1.—Murder—New Trial—Witness a Felon—Improperly Refused.

Where, after his conviction for murder, appellant sets up in his motion for a new trial that the witness Jerry Shorter, who gave damaging testimony against him, was an ex-convict and unpardoned, and it appearing that the failure to discover this fact before the trial was not due to any lack of diligence or negligence on the part of appellant or his attorneys, a new trial should have been granted. At the time of this trial an unpardoned convict was not permitted to testify. Following Hays v. State, No. 9808, delivered March 3, 1926, and other cases cited.

**2.—Same—Evidence—Erroneously Admitted.**

Where it was shown that several eye witnesses saw the killing and testified to that effect on the trial, it was error to permit the state to prove by the sheriff that after the killing he searched appellant's house, some fifteen miles away from the scene of the homicide, and found in said house a Winchester, a shotgun and two pistol scabbards. We cannot see how this testimony in any wise sheds light on the transaction under investigation, and it should not have been admitted.

**3.—Same—Evidence—Of Extraneous Acts—Inadmissible.**

Where, on a trial for murder, the state was permitted to prove by the former wife of appellant, that while living with him, eight or ten years prior to the killing, the appellant had beaten her unmercifully and had used a pistol to intimidate her, and had forced her to crawl away from her home, like a dog. This testimony was clearly inadmissible, and the effort to cure the error in admitting it by instructing the jury to disregard it, would not remove its damaging effect. Following Singletary v. State, 273 S. W. 610.

Appeal from the District Court of Brazos County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

The opinion states the case.

*F. L. Henderson* and *Bowers & Bowers,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder and the punishment is fifteen years in the penitentiary.

The killing occurred in the City of Bryan and the parties to the transaction were both negroes. The state's testimony shows an unjustifiable killing and is sufficient to show that it was done upon malice. The appellant defended on the theory that the deceased had carried his daughter away from home as he believed for immoral purposes, the testimony tending strongly to show that the daughter of appellant was of rather weak mind. The state's testimony showed that after taking the daughter of appellant away from her home the deceased had married her, but the appellant disclaimed knowledge of said marriage and on the contrary testified that he did not believe that they had been married at the time of the killing. The state introduced in evidence the witness Jerry Shorter, who testified that he told appellant prior to the killing that deceased and his daughter had married and also gave in evidence other facts which impinged upon the theory offered by the appellant

which if true might have reduced the killing to manslaughter.

In his motion for new trial, appellant shows by the affidavit of himself and that of each of his attorneys that after the evidence was closed and the jury had retired to consider their verdict he discovered for the first time that the witness Jerry Shorter was an ex-convict and unpardoned. The record shows that this information was unknown to the appellant or to his counsel at the time of the trial and there is no suggestion in the record that appellant was lacking in diligence in discovering this matter earlier. As presented to this court, the record affirmatively shows that the witness was an unpardoned convict at the time his testimony was given in this case. Under this condition of the record we think the learned trial court should have granted a new trial. We find nothing in the record that was in any wise sufficient to put the appellant on notice that said witness was an ex-convict and nothing that would have required an inquiry into this matter on his part. The testimony given by this witness as above stated was in contradiction of appellant's theory of the case and was material in establishing the theory offered by the state. At the time of this trial an unpardoned convict was not permitted to testify against a party. We think that a new trial should have been granted. Hayes v. State, No. 9808, decided by this court March 3, 1926; Love v. State, 272 S. W. 778; Barber v. State, 87 Tex. Crim. Rep. 535.

Complaint is also made at the court's action in permitting the sheriff of Brazos County to testify over the objections of the defendant that he searched the defendant's house in Burleson County and that he found in said house a Winchester, a shotgun and two pistol scabbards. We fail to see how this testimony in any wise shed light on the transaction under investigation. The killing occurred in the City of Bryan, some fifteen miles from where the appellant lived, and occurred in the presence of eye-witnesses who testified on the trial of the case. There was no controversy as to the fact that appellant was armed at the time the killing occurred and that the killing was done with a pistol used by appellant at the time. To show that there was afterwards found in his home, which was, as above stated, some fifteen miles from the scene of the killing, various firearms, may have prejudiced appellant's case before the jury and we think was inadmissible for any purpose.

Complaint is also made at the court's action in permitting Emma Gaston, a former wife of the appellant, to testify that while living with him eight or ten years prior to the killing that she had begged him for the children of herself and defendant

and that defendant had beaten her unmercifully and had used a pistol to intimidate her, and that he had forced her to crawl away from his home like a dog. This testimony was admitted over the objection of· the appellant, but the court later attempted to withdraw it from the consideration of the jury. Owing to the very inflammatory nature of this testimony we doubt the ability of the court to cure the error in its admission by attempting to withdraw it. That the testimony was clearly inadmissible does not admit of doubt. Singletary v. State, 273 S. W. 595, and the many cases there cited. See also Bryant v. State, 271 S. W. 610.

As the case must be reversed because of the court's failure to grant a new trial on account of the fact that the ex-convict was permitted to testify against the appellant, it is perhaps unnecessary to decide that the other two questions above discussed are in themselves reversible error, but for the reason stated in the first complaint discussed herein, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.