## S. E. Goss v. The State.

No. 10147. Delivered May 26, 1926.

### 1.—Murder—Evidence—Hearsay Improperly Admitted.

Where, on a trial for murder, the state was permitted on cross-examination to ask appellant's character witnesses if they had not heard about appellant whipping out a 45-special Smith & Wesson double-action pistol and shooting Claud Rainey, deceased, about the 14th day of September, 1925. Such testimony was hearsay, was not a proper question testing the knowledge of, or impeaching the witness testimony of appellant's general reputation, nor was it made admissible by reason of appellant's application for a suspended sentence.

### 2.—Same—Evidence—Opinion of Witness—Properly Excluded.

Where, on a trial for murder, the appellant, who defended upon the theory of an unintentional killing was permitted to testify that he shot in a different direction from that of the truck on which deceased was riding, there was no error in refusing to permit him to further testify that from the direction his pistol pointed, if the shot had gone straight, it would not have hit the deceased in the truck, such testimony being a mere conclusion and opinion of the witness.

### 3.—Same—Evidence—Irrelevant—Improperly Admitted.

Where, on a trial for murder, appellant having admitted firing the fatal shot and there being no controversy as to the kind of a pistol used,

nor the place where it was fired, it was error to permit the state to prove on cross-examination of appellant, that he owned three different pistols, and having him describe them. The number of pistols owned by appellant had no relevancy to any issue in the case and should not have been admitted.

#### 4.—Same—Continued.

And so it was also error to permit the state to prove by the witness, Mrs. Barnett, who lived about seventy-five yards from the place of the shooting, that the shooting made her nervous. We fail to see how the appellant could be bound by the effect of hearing this shot on a third party, nor in what way such fact bore any relevancy to any controverted issue in the case.

#### 5.—Same — Evidence — General Reputation — Cross - Examination — Rule Stated.

Where a character witness is introduced by appellant and who testifies to the good reputation of appellant, it is not permissible on cross-examination to show by such witness, that he knows of specific acts of misconduct on the part of appellant, in rebuttal of his testimony in chief. The cross-examination should be restricted to what the witness has heard as to specific acts of misconduct, nor can the details of such acts be shown. See this opinion for an exhaustive discussion, and citation of authorities on this subject.

#### 6.—Same—Charge of Court—Negligent Homicide—Erroneously Omitted.

Where the evidence of appellant, supported also by other witnesses, was to the effect that the shot fired by him, and which killed the deceased, was not fired with any purpose of injuring the deceased, or anyone else, the defensive issue demanded a charge on negligent homicide in the second degree, and the court was in error in refusing to submit same in his charge to the jury.

Appeal from the District Court of Fannin County. Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant.

*Wyatt J. Baldwin,* District Attorney of Fannin County, *Wheeler & Leslie* of Bonham, *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted for the offense of murder, and his punishment assessed at ten years in the penitentiary.

Briefly stated, the record discloses that on the 14th day of September, 1925, the appellant, while driving in his automobile

in company with his wife, his small son, a Mr. Robinson and a Mr. Roach, going from Bonham to Dodd City, overtook and passed, on the public highway, a truck in which J. H. Wilson, Wm. Melton, Glenwood Culbeth and Claude Rainey, the deceased, were riding. The deceased, Claude Rainey, was standing on the running board of the truck, and after the appellant who, it appears, was riding on the back seat of his automobile, passed said truck, he discharged his pistol and the bullet struck Claude Rainey, deceased, near the right nipple, from the effects of which he died a few hours later. The undisputed testimony discloses that there had existed no hard feelings between appellant and the deceased prior to the homicide. It was the contention of the state that the appellant deliberately and intentionally shot the deceased, and under such circumstances as would render him guilty of murder. The appellant defended upon the ground that the truck was back-firing about the time, or prior to the time, of his passing and he thought the young men in the truck were shooting for the purpose of having some fun and, laboring under said belief, he discharged his pistol in a different direction from the truck and without any intention of hitting anyone in the truck, and in a spirit of fun, and that he did not know that he had shot deceased for some time thereafter.

We find that the record contains twenty-seven bills of exception in which there are many complaints urged to the admission and rejection of testimony and to the court's charge, the number of which precludes us from discussing each and all of said bills separately.

Bills of exception Nos. 2 and 14, which complain of the action of the court in refusing to continue this case, and to grant a new trial, because of the sickness of one of the jurors, pass out of the case, from the disposition we have made of it, which renders a discussion of said questions unnecessary.

Matters complained of in bill No. 3 are not likely to arise upon another trial, and for that reason are not discussed.

Bills 4 and 5 complain of the action of the court in permitting the state, after the witnesses, Carson and Roden, had testified in chief to appellant's good reputation, to ask said witnesses, on cross-examination, if they had not heard about appellant whipping out a 45-special Smith & Wesson double-action pistol and shooting Claude Rainey, deceased, about the 14th day of September, 1925. The appellant urged, and contends before this court, among other objections, that the court was permit-

ting the state to prove the offense for which he was being tried by hearsay evidence. The court qualifies this bill by stating that the appellant had applied for a suspended sentence and put his reputation in issue up to the date of the trial, and that said testimony was admissible to show the proper weight and credibility to be given to the witnesses' testimony in chief. We think the action of the court in this instance was clearly erroneous, and we can conceive of no rule upon which this testimony would be admissible under any circumstances.

Bills of exception Nos. 7, 11 and 13, as qualified by the court, show no error.

Bill No. 8 complains of the refusal of the court to permit the appellant, on direct examination, to testify that from the direction his pistol pointed, if the shot had gone straight it would not have hit the deceased in the truck, and to the alleged failure of the court to let him testify that he did not point the pistol toward the car or shoot toward the boys in the truck. The court qualifies this bill by showing that the first question called for a conclusion, and the objection of the state thereto was sustained on that account, and as to the second question, the witness testified, without objection, that he shot in a different direction from that of the truck and the deceased. As qualified, this bill shows no error.

Bill No. 9 complains of the action of the court in permitting the state, on cross examination, to prove by the appellant that he owned three different pistols, having him to describe same. The court qualifies this bill by stating that the defendant admitted firing the fatal shot, but claimed that he fired it in fun and with no intention of hitting the deceased, and that said testimony as to the number of pistols owned by him was admitted as going to the issue of whether or not he intended to shoot the deceased when he fired the pistol in question. We think the court was in error in admitting this testimony, as appellant admitted firing the fatal shot and there was no controversy as to where he shot deceased or as to the pistol used, and we fail to see any relevancy in the testimony as to the number of pistols owned by him. Hightower v. State, 281 S. W. 1063.

In bill No. 10 complaint is made to the action of the court in permitting the state, over appellant's objection, to prove that Mrs. Barnett who, the record shows, lived about seventy-five yards from the place of the shooting, that the shooting made her nervous. We fail to see how the appellant can be bound

by the effects of hearing this shot on a third party, under any circumstances shown in this bill, and think the court was in error in admitting same.

In bill of exception No. 6 complaint is made to the action of the court in permitting the state, on cross-examination of the witness, Shope, after he had testified to the good reputation of the appellant as being a peaceable, quiet, law-abiding citizen, to ask the witness if it were not a fact that the appellant carried a six-shooter all the time, every day and every time the witness saw him, to which the witness answered, "No, sir." Then the state was permitted to ask the witness, "I will ask you if numbers of times, if you don't know that to be a fact," to which the witness answered in the affirmative. To both of said questions and answers the appellant objected because same were asking about offenses not involving moral turpitude, and defendant's general reputation alone being the issue that could properly be before the jury, it was improper to inquire into specific transactions known by the witness relative thereto on cross-examination. The court, in qualifying this bill, states that a suspended sentence having been applied for, placed the question of appellant's reputation in issue up to the time of the trial, and the evidence was proper to go to the weight and credibility of the testimony of the witness Shope. We think the court was in error in admitting this testimony involving specific acts and conduct of the appellant known by said witness for the purpose of attempting to rebut the testimony in chief of this witness on the general reputation of appellant for good character, and that said cross-examination should have been confined, not to specific acts and conduct known to said witness, but to what he had heard stated, if anything, about said specific acts. General reputation is confined solely to what people generally think and state about it, and it is not permitted, on an examintaion the witness in chief, to show specific acts in order to show good or bad reputation, neither do we think it is permissible, on cross-examination, to show by the witness what he knows individually about specific or particular acts or conduct of the accused, because this would do violence to the principle upon which testimony on character and reputation is based and, as has been said by eminent writers, to do so would unnecessarily extend the length of the trial, since it would require or call for testimony on the part of the accused to refute and rebut such testimony of specific acts, and would do violence to the proposition that the accused is presumed to know and be prepared

to answer upon trial what the public knows generally, but is not supposed to know and be ready to answer specific acts, charges and conduct involving matters other than that which he is called to answer upon trial.

Underhill on Criminal Evidence, 3rd Ed., Sec. 141, pp. 181-182, states:

"Evidence of good or bad character is restricted to general reputation and does not extend to particulars. It is error to permit a character witness to be cross-examined as to his own knowledge of particular acts of bad conduct by accused."

In the case of State v. Roderick, rendered by the Supreme Court of Ohio, 15 L. R. A. (New Series) 740, note vii, in discussing this subject, it is stated:

"But, while it is permissible to cross-examine witnesses who testify in chief to a person's character, as to any reports or rumors that may have reached their ears of specific facts and particular instances of conduct inconsistent with the character attributed, the facts and conduct themselves are not allowed to be proved. The truth or falsity of the reports, charges, or rumors referred to cannot be established. The details of the transactions mentioned cannot be elicited. In short, character can no more be proved by proof of particular facts and specific acts on cross-examination than it can on examination in chief," citing many authorities from the Supreme Courts of Alabama, Florida, Georgia, Iowa, Illinois, Kentucky, Massachusetts, Missouri, New Jersey, New York, Ohio and Wisconsin.

Wigmore on Evidence, Vol. 1, Sec. 197, p. 242, holds to the same effect as the authorities, supra, and states in that connection:

"Thus, the defendant's misconduct is not inquired after as a fact to show his character; but as a rumor to discredit the witness' assertion. A question, therefore, which does not expressly refer to the witness' hearing of the conduct as a rumor is improper because it aims apparently at the conduct as a fact showing the defendant's character. Precisely the same principle is applicable to cross-examination of one testifying to a witness' character."

Also see Wigmore on Evidence, Vol. 2, Sec. 988, where the same proposition is fully discussed as in the section, supra.

This court, in Rosamond v. State, 101 Tex. Crim. Rep. 315, 276 S. W. 247, on rehearing, speaking through Judge Hawkins, on this issue and the question of reputation states:

"We observe nothing in the present case which would make

inapplicable the rule that when a defendant has put in issue his general reputation that witnesses introduced by him to support it may not, for the purpose of throwing light upon the weight to be given their testimony, be asked if they had not heard of particular and specific acts upon the part of appellant which would be inconsistent with the character which the witnesses were called to prove."

In Wright v. State, 98 Tex. Crim. Rep. 513, p. 516, 266 S. W. 783, this court, speaking through Judge Hawkins, stated:

"When a defendant puts his general reputation in issue and supports same by witnesses who testify that they know such reputation and know it to be good, the state is debarred from joining issue upon this question by proving specific acts of misconduct against the defendant, but may ask a witness who has testified to good reputation if he has not heard of instances of misconduct upon defendant's part which go to effect the weight of the witness' testimony * * *. Much confusion has arisen with reference to this matter, especially as applied to cases where suspended sentence had been requested, and upon motion for rehearing in Johnson v. State, 91 Tex. Crim. Rep. 582, 244 S. W. 484, we undertook to review the question at length, holding that proof of general reputation was subject to the same rules in cases where suspended sentence had been requested as where a defendant had placed his general reputation at issue."

We are aware of the fact that there are cases by this court wherein it is stated, in substance, that on cross-examination of a character witness it is permissible to ask him relative to specific acts of misconduct bearing on the particular trait of character under investigation, but those cases, as we understand them, are where the court, in using said language, inadvertently does so, not with the thought or idea that the cross-examination can be extended to the knowledge of the witness of specified facts known to him, but only to such specific facts as he has heard discussed. We are also apprised of the fact that it is held in some courts outside of this state that on cross-examination it is permissible to prove by the witness specific facts of misconduct within his own knowledge, but we think the great weight of authority, and the reason therefor, is to the contrary.

Complaint is also made to the refusal of the court to charge the jury on negligent homicide in the second degree. We think the facts of this case call for such a charge, and the court was in error refusing to so instruct the jury.

We have examined all the bills of exception not discussed in this opinion, and find no reversible error shown therein.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.