Where evidence was received without objection, receipt of evidence could not be considered on appeal, since objection and exception and presentation by bill of exceptions is essential to consideration of receipt of evidence on trial.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

William Johnson was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

W. C. Hensley, of Dallas, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J.  The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The evidence is definite to the point that the appellant was transporting whisky in an automobile.

There are no bills of exceptions complaining of the introduction of testimony. The evidence having been received without objection, the complaint that the officers searched the appellant's car without a warrant is not tenable. To justify consideration on appeal of the receipt of evidence on the trial, objection and exception at that time and presentation by bill of exceptions is essential.

The judgment is affirmed.

## BIRDWELL v. STATE.  (No. 10801.)

Court of Criminal Appeals of Texas.  March 9, 1927.

Rehearing Denied May 11, 1927.

**1. Criminal law ⬧1119(2)—Where there was plea for suspended sentence, bill showing questions asked defendant's character witnesses, but not answers, concerning other thefts, held to show no reversible error, in view of instruction.**

Bill showing that defendant's character witnesses were questioned relative to other thefts committed by defendant *held* not to show reversible error, though there was plea for suspended sentence, where bill failed to set out answers, and jury were instructed not to consider anything concerning defendant's conduct, unless he had been indicted for offense involving moral turpitude.

**2. Criminal law ⬧982—After plea for suspended sentence, state cannot inquire of defendant's character witnesses what they heard relative to offense for which accused is on trial.**

It is proper, when plea for suspended sentence is filed, to inquire concerning reputation of defendant up to date of trial, but improper for state to inquire of character witnesses on cross-examination as to what they have heard relative to offense for which accused is on trial.

On Motion for Rehearing.

**3. Criminal law ⬧863(1)—Judge did not err in correcting error in charge in courtroom in presence of defendant after jury retired (Code Cr. Proc. 1925, arts. 667, 671, 676).**

Judge did not err in correcting error in charge, while in courtroom and in presence of defendant, but after jury retired, where foreman of jury had called error to his attention, notwithstanding Code Cr. Proc. 1925, arts. 667, 671, 676, restricting communication between trial judge and jury.

**4. Criminal law ⬧1111(3) — Unchallenged qualifications to bill of exceptions must govern appellate court.**

Qualification to bill of exceptions, which is not challenged at time by any exception, must govern appellate court in estimating bill.

Commissioners' Decision.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

S. S. Birdwell was convicted of theft of property over the value of $50, and he appeals. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

BAKER, J.  The appellant was convicted of theft of property over the value of $50, to wit, an automobile, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant entered a plea of guilty and filed application for a suspended sentence. There is no statement of facts in the record, and we find but two bills of exception.

In bill of exception No. 1 complaint is made to the action of the court in communicating with the jury after the charge had been delivered to them and while they were deliberating upon their verdict. It is contended by the appellant that the court opened the door of the jury room, thrust his head inside, and had a conversation with the jury out of appellant's hearing and presence; the substance of the conversation being unknown to him. This bill is qualified by the court, without objection by the appellant, to the effect that he was called to the door of the jury room, which was a few feet from the defendant and a few feet from the judge's stand,

---

but that he stood outside the jury room and in the district courtroom, and that, while court was in session and in the presence of the defendant, the foreman of the jury called his attention to an error in the charge relative to the minimum punishment for this offense, which he corrected. This bill, as qualified, shows no error.

[1] Bill of exception No. 2 complains of the conduct of the district attorney while cross-examining one of appellant's character witnesses; the complaint being made to the questions propounded to said witness. However, the bill fails to set out the answers, if any, given by the witness. This bill is also qualified by the court, to the effect that the jury were instructed not to consider anything about the conduct of the defendant, unless he had been indicted for an offense involving moral turpitude. The objectionable questions complained of by appellant were relative to other thefts committed by the appellant, and the district attorney was asking the witness if he had heard of same, including the one for which appellant was on trial.

[2] It is proper, when plea for suspended sentence is filed, to inquire concerning the reputation of the appellant up to the date of trial, but improper for the state to inquire of character witnesses, on cross-examination, as to what they have heard relative to the offense for which the accused is on trial. Goss v. State, 104 Tex. Cr. R. 456, 284 S. W. 578. However, this bill, as presented and qualified, does not, in our opinion, show reversible error, and especially in the absence of a statement of facts.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed; and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. [3, 4] The correctness of the conclusion of this court touching bill of exceptions No. 1 is challenged upon the ground that it violates the statutory provisions restricting the communication between the trial judge and the jury. Reference is made to articles 667, 671, and 676, C. C. P. 1925. These statutes have been held restrictive to the extent of preventing the trial judge from entering the jury room while the jury is deliberating upon the case, or to have private communication with them. See Osborne v. State, 93 Tex. Cr. R. 54, 245 S. W. 928. The bill of exceptions was not approved as written, but was qualified in the following language:

"I was called to the door of the jury room a few feet from the defendant, possibly 20 feet, and a few feet from the judge's stand (the jury room being just to the right of the judge's seat), but stood outside. I had inadvertently fixed the minimum penalty at one year, and the foreman called my attention to the matter, which error was corrected. This was not done in the jury room, but in the district courtroom, at the door, while the defendant was present and court in session."

This qualification was not challenged at the time by any exception, and must govern this court in estimating the bill. Under the law, the minimum penalty for the offense charged was confinement in the penitentiary for a period of two years. According to the qualification, the foreman of the jury called this to the attention of the judge, and the judge, in the courtroom, and in the presence of the appellant, corrected the error in the charge. If the correction had been made verbally, if the judge had entered the jury room and conversed with the jurors, or if the correction had been made in the absence of the appellant, a different case would be presented. Confined, as this court is, to the bill as qualified, we are unable to perceive that the conduct of the judge was violative of any of the statutes mentioned.

The motion for rehearing is overruled.