O. REEVES v. THE STATE.

No. 13662. Delivered November 12, 1930.
Reported in 32 S. W. (2d) 471.

The opinion states the case.

*Will T. Bagby* and *Sam S. Devall,* both of Hallettsville, and *Henry S. Paulus* of Yoakum, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for fifteen years.

Appellant killed Doctor V. R. Haven by cutting and stabbing him with a knife. The homicide occurred near a store where Doctor Haven had stopped to talk to two men. While the parties were engaged in conversation, Bennie Myrick drove up. Deceased asked Myrick to pay him what he owed him for professional services. Myrick replied that he would pay the bill if deceased would go into the store with him. They entered the store. In a few minutes deceased, Myrick, and appellant came from the store together and walked up to Myrick's car. According to the testimony of state's witnesses, appellant said to Myrick: "You don't have to pay him unless you want to." Deceased said nothing. Appellant then asked deceased: "Do I owe you anything?" Deceased replied: "No, but your family do." When deceased made this statement, appellant said to him: "You old s— of a b—." Whereupon deceased struck appellant in the mouth with his fist. Appellant drew a knife and stabbed· and cut deceased in many places. Deceased died from the wounds the following day. Appellant testified that deceased had theretofore threatened him. He denied that he cursed deceased, and declared that deceased cursed him and made an attack upon him before he drew his knife. He said that he was weak and sick, and used his knife for the purpose of defending himself, as be believed that deceased would beat him to death unless he used the knife. Appellant was about 59 years of age, and, according to his testimony, had rheumatism. Deceased was past 70 years of age, and was tall and slender.

Appellant's counsel admitted in open court that deceased died from the wounds inflicted by appellant. The state called the doctor who treated deceased and elicited from him testimony touching the nature and position of the wounds. Appellant objected to this testimony on the ground that he had already admitted that the wounds resulted in death, and that a description of the number and character of the wounds could only serve the purpose of inflaming the minds of the jury. The objection was properly overruled. The testimony was relevant and material. It tended to prove malice.

We understand from bill of exception No. 1 that the court declined to require the clerk to draw the names appearing on the special venire list. The jurors were called in the order in which they had

been drawn from the box and placed on the list. This was in accordance with the statute. Art. 592, C. C. P. It may be added that appellant's bill of exception is insufficient in failing to show that any of the jurors drawn on the special venire served upon the trial.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.