EDWARD WILLARD V. THE STATE.

No. 18074. Delivered March 18, 1936.

The opinion states the case.

*P. O. French,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property over the value of fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The only matter presented for review under the record is the sufficiency of the evidence to support the conviction, and the sufficiency thereof depends upon whether there is sufficient evidence to corroborate the accomplice testifying in behalf of the State. The prosecution was for the theft of an automobile alleged to have been taken on the night of January 19, 1935, from G. A. Parker, Jr., while the same was parked near Hill's Store in the town of Fairfield.

Larnett Moore, the accomplice, testified that on said night they attended a dance at Teague, Texas; that at Teague they got a ride with a party who was going to Fairfield; that after they arrived at Fairfield, they went into Jim Ivey's Sandwich Shop and ate a sandwich and from there they went out on the street; that they saw a large Buick sedan car parked in front of Hill's Store; that they took said car between twelve and one o'clock for the purpose of riding home in it; that when they started out of town they did not turn on the lights until they had passed the old Huckaby place, where they passed a car moving very slowly, but they did not recognize anyone in it; that they stopped at Kirt Willard's place about ten minutes; that from there they went to Freddy Lee's home where appellant was living at the time; that there they took Lee's car which the witness drove, while appellant drove Parker's car to Pine Bluff; that on their way to Pine Bluff they stopped at Wallace McGuire's camp house but no one was there; that after they arrived at Pine Bluff they drew some gas from Lee's car, dashed it on the Parker car, then pushed it into the river and set it on fire; that on their way back in Lee's car they stopped at Jimmie Hughes' camp and talked to him a little while; that from there they went back to Freddy Lee's home where they went to bed and slept the balance of the night.

The testimony of the accomplice witness, if true, established the guilt of the appellant of the offense with which he is charged. The State's testimony by which it sought to corroborate the testimony of the accomplice is as follows: Jim Ivey testified that Larnett Moore and appellant were in his place of

business at about twelve twenty a. m. on said night; that they ate a sandwich and left. Rankin Gilpin testified that about twelve thirty a. m. he went to Owen's Cafe which was located between Hill's Store and the theatre building; that he noticed a large sedan car parked in front of said store and two people sitting in it, one on the front seat and the other on the rear seat; that after he came out of said cafe he took Max Elliott who lived at the old Huckaby place, home; that at or near the Huckaby place a car passed him with lights off, but he did not notice how many persons were in the car, nor did he recognize anyone. Jimmie Hughes testified that on the night when Parker's car was stolen two men came to his place which is located between Pine Bluff and Young; that they claimed they had a hot car and wanted water; that after obtaining water they left going in the direction of Cook's ferry; that they had only one automobile at that time; that he did not know who they were; that the man to whom he talked to on said night, he would not have taken to be appellant. The Parker car was found the next day in the river and was partly burned. Freddy Lee testified that the appellant was living with him at the time of the alleged theft; that on Sunday morning before daylight the appellant and Larnett Moore came to his house together and went to bed.

It is obvious that Larnett Moore, the accomplice, was corroborated by the testimony of other witnesses as to a number of facts sworn to by him but no witness swears to a fact tending to criminate this appellant in the theft of the automobile. It makes no difference how sufficient the corroboration of the accomplice may be in regard to facts related by him unless there is some proof independent of his testimony tending to connect the defendant with the commission of the crime. The corroboration is not deemed sufficient. This seems to be the rule laid down by this court in the case of Chambers v. State, 44 S. W., 495; Peddy v. State, 51 S. W. (2d) 331; McInnis v. State, 54 S. W. (2d) 96. Applying the foregoing rule to the testimony of the non-accomplice witnesses we are unable to find evidence which measures up to the demand of the law with reference to corroboration, in that it falls far short of establishing any criminative or material facts which tends to connect appellant with offense charged. This being true the mandate of Art. 718, C. C. P., prohibits this court from permitting this conviction to stand. Therefore the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.