# OCTOBER, 21, 1942

### JACK BEARD v. THE STATE.

No. 22208. Delivered October 21, 1942.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft of wool, punishment being one year in the penitentiary.

The prosecution is under the Acts of the 45th Legislature, Ch. 357, p. 709, designated as Art. 1426c in Pocket Part, Vernon's Tex. P. C., Vol. 3. The indictment charged the theft of wool from J. W. Barr in Concho County.

It is urged that the evidence does not meet the requirements of Art. 718 C. C. P. which forbids a conviction upon the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant" with the commission of the offense charged. It is further contended that the identification of the alleged stolen property is incomplete.

Mr. Barr's evidence shows that he had some "dead" wool— part of it in sacks,—in his pasture in Concho County, and that some of the sacks of wool were taken without his con-

sent by someone. He never saw the sacks or wool after it was taken, but the Sheriff of Tom Green County paid him $53.00, the proceeds of the wool which was recovered.

The Sheriff of Tom Green County testified that about 2 A. M. on the 28th day of January, 1942, he saw appellant near his home in San Angelo, and "found a lot of 'dead' wool in his (appellant's) possession; that wool was in two big cotton sacks." Lloyd Yell was with appellant at the time. The sheriff does not testify whether the wool was in an automobile, and if so, who was driving the car, and states no fact to support his conclusion that the wool was taken from the possession of appellant rather than from his companion. It is scarcely necessary to say that the evidence related up to this point would not support a conviction, or tend to show that the wool recovered by the sheriff in San Angelo in Tom Green County was stolen from Mr. Barr in Concho County, and yet this is all the evidence save that of the accomplice witnesses, Yell and Williams. They each testified that they in company with appellant went in a car belonging to Yell's father to Concho County and took the wool in question from a place which Yell and Williams subsequently pointed out to the officers, and which was the pasture of Mr. Barr.

The evidence of the accomplice witnesses, no doubt, accounts for the fact that the sheriff paid Mr. Barr the proceeds of the wool, but the identification of the wool rests solely upon the testimony of the accomplice witnesses, as well as appellant's connection with the theft.

The conviction can not stand if effect be given to said Art. 718 C. C. P. See Fitzgerald v. State, 140 Tex. Cr. R. 359, 145 S. W. (2d) 190; Willard v. State, 130 Tex. Cr. R. 83, 92 S. W. (2d) 251, and cases cited in the latter opinion.

The judgment is reversed and the cause remanded.