JOE *A*. SHELTMAN V. STATE.

No. 23982. April 14, 1948.
State's Motion for Rehearing Denied May 19, 1948.

Hon. Sam Williams, Judge Presiding.

*John A. Cook*, of Mt. Pleasant, for appellant.

*James R. Cornelius, Jr.*, District Attorney, of Mt. Pleasant, and *Ernest S. Goens*, State's Attorney, of Austin for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for burglary with a sentence of two years in the penitentiary. The indictment charges the burglary in Titus County, Texas; on the 16th day of April, 1947, of a house belonging to Dan Mitchell.

It appears certain that appellant lived in Greenville, as did Edgar McGuffey, and that on said date he was in Mt. Pleasant. According to the testimony of Edgar McGuffey, whose admission makes him an accomplice as a matter of law, he met up with Grady Smith, who lived in Leonard, and the appellant in the City of Greenville on the afternoon of April 16th and agreed to take them, in his 1946 model black Mercury automobile, to Mt. Pleasant where a carnival was in operation. We next detail the evidence of McGuffey, who will be hereafter referred to as the accomplice witness. He states that they left Greenville for Mt. Pleasant and on the way down they discussed robbing some place. They came there for that purpose and all

agreed to act together in robbing some place and that they would divide the proceeds share and share alike. They reached Mt. Pleasant about five o'clock and went to a cafe on the highway, known as Talley's Cafe, where they ate lunch. All three went together in the car and they passed the warehouse of Mitchell several times in the afternoon. Their purpose was to "case the place" so as to rob it that night. They also passed a wrecking garage in the vicinity. They then visited the carnival. Soon after dark they left the carnival; went to the wrecking garage to obtain some tools to be used in entering Mitchell's warehouse; all three went together; Smith and Sheltman entered the place and procured the tools, consisting of a hammer and tire tool. They next went to the warehouse. The accomplice let the other two out and they agreed that all would meet there after the burglary was completed. The witness was supposed to drive back and forth in front of the warehouse and to pick his companions up in case anything happened. He was operating the "get-away car." Appellant was to stay on the outside and watch. This statement was not corroborated by any evidence.

While the accomplice witness was driving nearby, he saw a truck driver come up to the place, and a little later some man in a maroon colored 1946 Ford. He saw appellant talking to the man in that car. Soon afterwards the accomplice witness picked the appellant up and drove away with him. They went around over town to see if they could find Smith; returned to Talley's Cafe; started to go into the cafe and discovered a man coming towards them in a car which looked like the one that had driven up to the warehouse. At this the two of them took off down the highway towards Greenville. He said he recognized the approaching car as being the maroon colored car he saw at the warehouse.

The accomplice witness detailed a statement made to him by appellant to the effect that he, the appellant, told the man who approached in the maroon car that his place was being robbed; that he walked up to the door with the man (Mitchell) and as they approached the door to the warehouse Smith ran over him and got away. Appellant further told the witness that he talked with the man and told him that there was an old car drove off with some more men in it; that he heard a commotion over there and came over to see what was happening and saw that this place was being robbed.

The evidence of the accomplice witness shows appellant to be a principal in the burglary. Under Article 718, Vernon's Ann.

C. C. P., it is not sufficient to convict unless the accomplice's testimony is "corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." As we view the record, the sole question for our consideration is whether or not the evidence of the accomplice witness is corroborated by the testimony of other witnesses sufficiently under the statute above quoted. The law is well settled but a careful analysis of the facts is necessary to determine the application of the law to the facts of the case at bar.

The three parties involved by the accomplice witness were not seen together by anyone, either before or after the commission of the offense. We begin with the remote circumstance that two of them were from the City of Greenville, but there is no other evidence as to where Smith lived, or that he at any time had any connection with either appellant or the witness, or the burglary, other than that given by the accomplice witness. Mr. Mitchell testified in behalf of the State very clearly as to the things he knew. He was the distributor of Gulf Products in Mt. Pleasant and maintained the warehouse involved. He left in the afternoon with it securely locked. Shortly after eight o'clock he was called to the warehouse to permit a transport truck to unload there. As he drove up to his office and warehouse he saw appellant standing by a tree. He came down to Mitchell's car and told him that he saw a man breaking into the warehouse when he and another man—whom he did not name—came down the road in a car. Appellant and Mitchell talked a few minutes and appellant said, "Let's walk up and see what happens." As they did so the door opened and a man ran out, making his escape. Appellant stood around and talked a few minutes and then got in a 1946 model black Mercury automobile. Mitchell had seen that car pass his place of business two or three times that evening, before he closed. It then had three men in it. When appellant got in the car and left there were only two. Mitchell did not then or later identify the accomplice witness as the driver of the car. Mitchell was in a 1946 maroon colored Ford car.

Mitchell got an officer and as they approached Talley's cafe they saw the black Mercury car pull up to the place. Two men were in it. As Mitchell started to go and talk to them they pulled away and left on the road towards Greenville. The man with Mitchell took the number of the car as it left. This number was turned over to another officer for investigation as to the owner of the license number, but no evidence is in the record that the

accomplice witness owned the license. Mitchell identified that car as being the one which passed his building, along the public street, two or three times in the afternoon. He judged it to be somewhere from 4:30 to 5 o'clock.

A heavy hammer and a tire tool found under the steps at the door of the warehouse were identified as belonging to the garage from which the accomplice witness said they secured them, but no evidence connects appellant with the tools except that given by the accomplice witness.

There are many cases in the books discussing the question here involved. The task of analyzing the evidence in such cases is not always an easy one. As in circumstantial evidence cases, each is found to have its characteristics and the law must be applied to each with that in view. There can be no question about what the law is, the statute fixes that. The early case of Chambers v. State, 44 S. W. 495, is a very terse opinion by Judge Hurt. This has been followed, and frequently cited, to the present time. We will cite those we believe to be decisive of the question now before us.

In Weatherred v. State, 272 S. W. 471, the appellant was charged with burning his brother's gin. The facts proven were held to be suspicious circumstances, but insufficient as evidence. Judge Lattimore, commenting, said: "Confusion of the principles involved is easy, their distinction difficult." He illustrates further by saying that if the appellant had been seen, half an hour before the fire, to go in the direction of the gin, take out a can from his car, and creep towards the gin, such evidence would be a material circumstance if he were charged with burning it himself, but would be of no materiality as a corroboration of the accomplice, if he was charged with hiring Watson and Holloway to set fire to the gin and they had testified they did so in his absence and without his assistance.

Writing on the State's motion for rehearing, Judge Hawkins said, "Corroboration of the accomplice witness upon any number of immaterial matters will not suffice. The corroboration must be as to some criminative fact which tends to connect accused with the commission of the offense charged against him, which in the present case was that he had hired two parties to burn a gin."

Turner v. State, 1 S. W. (2d) 642, has a question very similar to that now before us. It was again said that, "The test

as to the sufficiency of the corroboration long recognized as correct by our courts is to eliminate from consideration the evidence of the accomplice and examine the testimony of other witnesses with the view of ascertaining if from them comes incriminating evidence which tends to connect accused with the commission of the offense."

Applying this test to the case now before us, the only evidence we have to support that of the accomplice witness is that appellant was seen standing by a tree near the burglarized place. There is no evidence to corroborate the statement of the accomplice witness that Smith was burglarizing the warehouse at that particular time, other than that some unidentified man ran out of it. He had stolen nothing and there is no evidence of any preparation for him to do so except from the accomplice witness. There is no evidence that appellant knew who was in the place, except that given by the accomplice. Mitchell saw appellant get into a black 1946 Mercury automobile and drive off with another man. A short while thereafter he saw what he took to be the same car at Talley's Cafe. They took the number of that car as it left but it was never shown that such numbered license was on the car belonging to the accomplice witness. No one identified that witness as being in it at the time. If we apply the rule above announced in the Turner case, and eliminate all of the testimony of the accomplice witness, we have nothing to connect appellant with the burglary. The fact that he was standing by a tree near the warehouse is explained in an exculpatory statement put in evidence by the State which, if true, would show him to be an innocent bystander, and in no way corroborates the accomplice witness.

Willard v. State, 92 S. W. (2d) 251, is a conviction for theft of property over the value of $50.00 in which the question is again discussed and the Chambers case followed. There was corroboration of facts related by the accomplice witness which was held to be insufficient to support a conviction because such corroborated facts did not tend to connect the appellant with the commission of the offense for which he was charged. It was proven by other witnesses that the accomplice and appellant were seen together in the town of Teague, where the car was stolen; that they ate a sandwich together, as the accomplice testified; that a car was seen on the streets at the place detailed by him; that two people were seen in the car; that later a car with the lights off passed said witness, as detailed by the accomplice; and there is other evidence corroborating some of the movements detailed by the prosecuting witness, but appellant

was not identified as one of those men. The stolen car was found in the river, burned, in the place and according to the story given by said witness. The accomplice and appellant went to the home of another witness together, before daylight, after the car was taken, and they went to bed together. There were other witnesses who testified to other facts which were detailed by the accomplice and it is there said, "It makes no difference how sufficient the corroboration of the accomplice may be in regard to facts related by him unless there is some proof independent of his testimony tending to connect the defendant with the commission of the crime."

Randall v. State, 103 S. W. (2d) 743, reaffirms the rule laid down in the Chambers case.

It is conceded by the State's Attorney, and correctly so, that the mere presence of Sheltman at the scene of the burglary while it was going on is not sufficient to convict him as a principal, in the absence of some previous arrangement of present action which would make him a party. We again call attention to the fact that this is the only instance in which he is identified by anyone other than the accomplice witness.

As our conclusion we paraphrase Chambers v. State, supra, using the identical language and inserting only the name of appellant, the name of the accomplice witness, and the crime charged in the instant case for those in said opinion. *"Edgar McGuffey*, a confessed *accomplice*, was the principal witness for the State. He makes out a clear case of *burglary* against appellant, but, being an accomplice, the law requires that he should be corroborated, before the jury is authorized to convict. *McGuffey* was corroborated by the testimony of other witnesses as to a great number of facts sworn to by him; but no witness in this case, except *Edgar McGuffey*, swears to a fact tending even remotely to criminate this defendant in the *burglary*. Now it makes not the slightest difference how thorough the corroboration of the accomplice may be in regard to facts related by him, yet, unless there is some proof, independent of his testimony, tending to connect the defendant with the commission of the crime, there is no sufficient corroboration." (Changes italicized.)

We have given the statement of facts a most thorough investigation and, as above stated, finding no evidence in the record other than from the accomplice witness tending to connect defendant with the commission of the offense charged, the judgment is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARIG.

DAVIDSON, Judge.

The State insists that we erred in concluding that the accomplice was not sufficiently corroborated.

The testimony, as we endeavored to show in our original opinion, amply corroborates and supports the accomplice as to his guilty participation in the crime charged. But this is not sufficient. The corroboration must tend to connect the accused with the crime committed. It is as to this that the corroboration fails.

We remain convinced that the conclusions originally expressed are correct.

The State's motion for rehearing is overruled.

Opinion approved by the Court.