ALGIE STOKES V. STATE

No. 27,930. January 18, 1956

*A. W. Salyars,* Lubbock, for appellant.

*Travis D. Shelton,* District Attorney, *James F. Moore* Assistant District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is assault with intent to murder; the punishment, 3 years.

There were, as always, certain discrepancies in the evidence for the state and the defense, but we feel that the following is a fair synopsis of the pertinent facts here presented.

The injured party, Wilson, and his wife were the operators of the Food Spot, a cafe in the colored section of the city of Lubbock. Some two weeks prior to the shooting, the appellant and Wilson had a disagreement, and Wilson ordered the appellant to leave the cafe. Shortly thereafter, the appellant returned to the cafe with a Winchester rifle and asked for Wilson. Mrs. Wilson demanded that the appellant surrender the rifle to her, and he did so and left the establishment. The parties did not encounter each other again until the day of the shooting. Earlier in the evening, the appellant came to the cafe armed with a pistol and demanded the return of his rifle. Wilson and his wife overpowered the appellant and took the pistol from him. The

appellant, feeling somewhat frustrated by this time, went to the home of his employer, borrowed a shotgun, and again returned to the cafe.

Wilson and his wife testified that the appellant fired without warning from the door of the cafe.

The appellant testified that he fired after he entered the cafe and after Wilson made a hip pocket gesture.

Wilson's arm was so severely injured by the shotgun blast that it was amputated.

The jury resolved the disputed issue of self defense against the appellant, and we find the evidence sufficient to support the conviction.

The sole question presented for review is the action of the court in permitting the state to introduce in evidence the rifle, the pistol, and the shotgun. When each was offered, the appellant objected, and through his attorney agreed that they were the weapons which were carried and used by the appellant on the occasions in question.

Appellant relies upon two cases. In Hightower v. State, 103 Tex. Cr. Rep. 665, 281 S. W. 1063, the accused shot the deceased with a pistol in the city of Bryan. This court held inadmissible the evidence of the sheriff who went to the appellant's home in an adjoining county and there found other weapons.

In Goss v. State, 104 Tex. Cr. Rep. 456, 284 S. W. 578, the accused shot the deceased with a pistol. This court held that the court should not have permitted the accused to be cross-examined about how many pistols he owned.

Neither of these cases was reversed upon these points alone and probably would not have been reversed if these were the only errors assigned.

Now let us look at the facts before us here. All the previous relationships between the parties were admissible by virtue of the terms of Article 1257a, V.A.P.C.

In Parkham v. State, 149 Tex. Cr. Rep. 101, 191 S. W. 2d 743, the accused admitted killing the deceased with a pistol but

objected to a description of the pistol by state's witnesses. There we said:

"In the first place, the pistol was admissible in evidence. An accused cannot, by admitting damaging features of the State's case, cut it off from making proof thereof. 42 Tex. Jur. 78, Sec. 55; Beard v. State, 144 Tex. Cr. R. 546, 171 S. W. 2d 869; Burns v. State, 127 Tex. Cr. R. 356, 76 S. W. 2d 516; Reeves v. State, 116 Tex. Cr. R. 451, 32 S. W. 2d 471."

The shotgun was admissible under all the authorities from this court. We have concluded that the rifle and the pistol were likewise admissible under the article above cited.

Finding no reversible error, the judgment of the trial court is affirmed.