## JOHN BRIONEZ V. STATE.

No. 30,632. April 22, 1959.

*Lawrence Arnim,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault with a motor vehicle; the punishment, a fine of $250.00. Trial was before the court without the intervention of a jury.

Mrs. Daleo testified that as she was driving in her lane of traffic on the day in question a truck which she was meeting came over into her lane of traffic too late for her to avoid colliding with it. She sustained serious injuries as a result of the collision. It was established that it had been raining shortly before the accident and that the pavement was wet.

That portion of appellant's confession which was introduced by the state recited, in part, as follows, "I would say I must have been driving too fast for the weather conditions because I skidded on the wet pavement and went to the wrong side of the street."

Appellant, testifying in his own behalf, stated that Officer Frederick started taking his confession but that he left and K. L. Smith took the remainder thereof, and denied that certain portions of the confession were correctly transcribed.

Officer Frederick testified in rebuttal that he gave the warning and that the confession was made to him, that he was present when the entire confession was made, and that K. L. Smith merely did the typing.

Smith testified that he was a junior clerk in the accident office, that part of his work was to type up statements, and that he did not remember whether or not Officer Frederick was present while the entire statement was taken.

The sole question presented for review was the admissibility of the confession, which recites that it was made to Officer W. O. Frederick. Appellant relies upon our recent holding in Barker v. State, 164 Texas Cr. Rep. 318, 299 S.W. 2d 142, in which we held inadmissible a confession which was not made to the person named therein as the person to whom it was made.

In the case at bar, we have the conflict in the evidence between the testimony of Officer Frederick on one side and the appellant on the other, which was resolved by the court against the appellant.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.