Theodore R. XANTHULL, Appellant,

v.

The STATE of Texas, Appellee.

No. 39577.

Court of Criminal Appeals of Texas.

May 25, 1966.

Rehearing Denied June 25, 1966.

See also 172 Tex.Cr.R. 481, 358 S.W.2d 631.

Crouch & Ferguson, by Paul F. Ferguson, J. David Gooch, Alvin, for appellant.

Tom Kenyon, Dist. Atty., Wallace N. Shaw and Ogden Bass, Asst. Dist. Attys., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The offense is burglary; the punishment, six years.

The indictment charged the burglary of a house occupied and controlled by G. M. Shepard.

Shepard, the prosecuting witness, testified that he was yard manager for the Griesenbeck Lumber Company in the city of Angleton. On Saturday, September 25, 1965, the witness closed the business at noon for the week-end. All windows and doors to the building were locked. When he returned on Monday morning it was discovered that, without the witness's consent, the building had been broken into and the place burglarized. One of the windows in the building was broken and a door was open. Inside the building the cash drawer had been prized open and tools were scattered over the floor. Among the tools was a hammer belonging to the company, which hammer was introduced in evidence as state's exhibit #1. $11.40 was missing from the cash drawer.

Deputy sheriff Andy DeSham testified that he went to the lumber company building on the morning of September 27 and, in his investigation, found the hammer (state's exhibit #1) behind a counter. The deputy testified that he was in charge of the identification section of the sheriff's office and that a part of his work was the classification of fingerprints. He related in detail his education, training, and experience in the field of fingerprints and stated that in the course of his investigation of the burglary he photographed a palm

print on the hammer. He stated that he had made a comparison of the print with a palm print of the appellant, and expressed his opinion that the print on the hammer was the palm print of appellant.

On September 27, 1965, appellant made and signed a written statement to deputy sheriff A. J. Schamerhorn, in which statement appellant admitted having committed the burglary by breaking and entering the building on the night of September 26, 1965.

The confession was admitted in evidence by the court as state's exhibit #3 after testimony was presented, both in the absence of the jury and in the jury's presence, relative to its execution and voluntary nature.

At such hearings, deputy sheriff Schamerhorn testified that on September 27, 1965, appellant freely and voluntarily made the confession after having been by the witness duly warned. The officer testified that appellant first made the statement to him orally. The two then went to another office, where appellant dictated the statement to a secretary who typed it. While the statement was being dictated by appellant and transcribed by the secretary, deputy Schamerhorn was in and out of the office. After the statement had been transcribed, appellant signed it. Later, the statement (state's exhibit #3) was typed on another form and signed by appellant.

The court, in his findings of fact duly entered of record, certified that appellant freely and voluntarily made the confession to officer Schamerhorn after having been duly warned.

Appellant did not testify before the court or the jury upon any issue in the case.

Appellant predicates his appeal upon seven formal bills of exception.

■ We first overrule bill #1, which complains of the court's refusal to instruct a verdict of not guilty. The evidence is sufficient to support the jury's verdict finding appellant guilty of the offense charged.

■ By bill #2, appellant insists that reversible error was committed when he was brought into court in jail clothing. In support of his contention appellant relies upon certain decisions by this court in cases where the accused was brought into court in handcuffs.

In these cases, such practice has been condemned but held to be within the sound discretion of the trial court, subject to the closest scrutiny and review by this court. Mouton v. State, 155 Tex.Cr.R. 450, 235 S.W.2d 645.

■ The bill of exception certifies that "before any proceedings were had, and before the Court's charge was read to the jury," appellant was brought into court in coveralls, issued to county prisoners with lettering on the back identifying the garments as county jail issue, and that "before said proceedings were initiated" in the cause his counsel "approached the bench" and objected to the manner in which appellant was clothed. While the bill certifies the reasons assigned by appellant as a basis for his objection and that the objection was overruled, it does not certify to facts sufficient to show injury or prejudice to appellant. No error is presented by the bill. Clark v. State, Tex.Cr.App., 398 S.W.2d 763; Mouton v. State, supra.

■ By bill of exception #3, appellant complains that the court erred in permitting deputy sheriff DeSham to express his opinion that it was appellant's palm print on the hammer, over the objection that he had not been shown to be qualified as an expert on palm prints.

Deputy sheriff DeSham testified fully as to his training and experience in the classification of fingerprints and was shown to be qualified as an expert in that field. Stevenson v. State, Tex.Cr.App., 395 S.W.2d 626. He further testified that palm prints were akin to fingerprints and were a series of friction ridges "biologically the same as the bulbar ridge on the end of the

finger." Under the record, the court did not err in permitting him to testify as an expert on palm prints.

By bills of exception #4 and #6, appellant insists that the court erred in admitting his written confession in evidence (state's exhibit #3) because (1) it was not taken by the person named therein and (2) it was signed without his having been given the statutory warning.

We find no reversible error in the bills.

■ Under the record, the confession was shown to have been made to deputy Schamerhorn, the person named therein, and not to the secretary who merely reduced it to writing. Sutton v. State, 166 Tex.Cr.R. 580, 317 S.W.2d 58; Brionez v. State, 168 Tex.Cr.R. 9, 323 S.W.2d 459.

■ While only one warning was given to appellant, it appears that both statements were made to Officer Schamerhorn and were signed by appellant in view of the officer's warning. This was sufficient to authorize their admission in evidence. 24 Tex.Jur.2d 264–265, Sec. 662. The first statement signed by appellant was drawn under Art. 727 of the Code of Criminal Procedure of 1925 and the last statement (state's exhibit #3), which was signed on the same day or following day, was drawn under the provisions of Art. 38.22 of the 1965 Code of Criminal Procedure. State's exhibit #3 was not, in fact, another confession but except for form was substantially the same as the statement first signed by appellant, which was not introduced in evidence by the state.

It should be pointed out that in his charge the court instructed the jury not to consider the confession introduced in evidence unless they believed from the evidence beyond a reasonable doubt that it was freely and voluntarily made by appellant after having been duly warned by the person to whom it was given. The jury were further charged that they could not convict appellant solely upon his confession but that the same must be corroborated by other evidence in proof of the corpus delicti.

■ By bill of exception #5, appellant insists that the court erred in admitting in evidence state's exhibit #1, which was the hammer that deputy sheriff DeSham testified he found at the lumber yard office after the burglary. Appellant's objection was on the ground that the proper predicate had not been laid because it had been outside the care, custody, and control of the officer prior to the time it was introduced in court.

The deputy identified the exhibit as the hammer which he found at the lumber yard and stated that it had been in his possession until he brought it to court on the day of the trial. While he admitted it had been out of his sight after he brought it to court, his identification was sufficient to authorize its admission in evidence. The bill is overruled.

■ Appellant's remaining bill of exception, #7, complains that the court erred in refusing to grant a mistrial when the district attorney, during his interrogation of deputy sheriff DeSham relative to his qualification as a finger and palm print expert, asked: "State whether or not you have attended any courses concerning the operation of a polygraph," and the witness answered: "Yes, sir, Texas A. & M. University, six weeks."

The record reflects that upon objection being made by appellant, the jury was instructed by the court not to consider the reference to a polygraph. There was no further mention of a polygraph. We perceive no reversible error in the bill.

The judgment is affirmed.

Opinion approved by the court.