Isreal SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43166.

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

---

1. Cf. Gaston v. State, Tex.Cr.App., 495 S.W.2d 858.

**934**

Lee Nowlin, Frank Gaston, Plainview, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for assault with intent to murder with malice; the punishment, five years.

The sufficiency of the evidence is not challenged. In his first ground of error, the appellant contends that the trial court erred in admitting a pistol into evidence, because the State failed to identify the pistol.

The State's testimony shows that the appellant, armed with a pistol and without provocation, entered a room occupied by the complaining witness, Joe Perez, and shot Perez a number of times. Perez testified that he took the pistol away from appellant and went to the hospital where it was removed from his pocket by a police officer. Perez identified the pistol in question as being exactly like the one he had taken from appellant's possession.

Officer Watts testified that he took the pistol, which was admitted into evidence, from the pocket of Perez at the hospital and that it had been in his possession since then.

The pistol was sufficiently identified and was admissible. Pryor v. State, Tex.Cr. App., 449 S.W.2d 482, and Xanthull v. State, Tex.Cr.App., 403 S.W.2d 807.

Appellant next contends that it was error for the trial court to allow the State to show that on a prior occasion he committed an extraneous offense of drunkenness.

Perez testified that sometime before the date in question appellant got drunk and wanted to fight Perez.

Article 1257a, Vernon's Ann.P.C., makes evidence of previous relations between an accused and a deceased competent. This Article applies also to assault with intent to murder. Stokes v. State, 162 Tex.Cr.R. 401, 286 S.W.2d 141. Appellant's second ground of error is overruled.

Finally, appellant asserts error in certain remarks made by the prosecutor during final argument which were as follows: " * * * And I ask you this question. What would you do if a white man did this thing right here?" He contends

that this was done to excite racial prejudice. More of the State's argument, with that part complained of, is as follows:

"Now, there's one other thing that I want to talk about, and I don't like to, but I feel like I should. We have a tendency in this country, the little town where I came from, where I grew up, and I imagine the same way here, when a Spanish man shoots another one or Negro man shoots another one, there's always a tendency to give him a gun and pat him on the back and send him out after another one.

" * * *

"But one thing we do know, and that is this. These people have the same rights as you and I do. They have the same right to be guarded in their community against this kind of thing as you and I do where we live. The Supreme Court of the United States and the legislature have said that these people's rights are equal, and they should be treated as equal. They should carry the same burden and the same responsibility that you and I do. *And I ask you this question. What would you do if a white man did this thing right here?*

" * * *

"What I am asking you to do, ladies and gentlemen, is this, to hold this man accountable and responsible for his acts, just like anybody else, because our Constitution says that he has that right, and with that right he has that duty, the same right and the same duty. Treat him as a man with the same rights and the same duties as any and everyone else. * * *" (Emphasis Added)

The argument complained of, considered with the other statements, was not calculated to excite racial prejudice; it was a plea for equal protection and enforcement of the laws. The third ground of error is overruled.

The judgment is affirmed.