[No. 2211.]

Sandy Robinson *v.* The State.

1. Theft—Possession of Recently Stolen Property, when alone re-
   lied upon as evidence of theft, is subject to the following rule: "To
   warrant an inference or presumption of guilt from the circumstance
   alone of possession, such possession must be personal, must be recent,
   must be unexplained, and must involve a distinct and conscious assertion
   of property by the defendant." The rule is otherwise stated in general
   terms as follows: "If a party in whose exclusive possession goods re-
   cently stolen are found fails reasonably to account for his possession
   when called upon to explain, or when the facts are such as to require an
   explanation of him, the presumption of guilt arising from recent loss
   and possession will warrant a conviction without the necessity of further
   proof."
2. Same—Fact Case.—See the statement of the case for evidence *held* in-
   sufficient to support a conviction for theft, because, relying solely upon
   recent possession, the State failed to establish "exclusive possession" and
   a "distinct and conscious assertion of property" by the defendant.

Appeal from the County Court of Houston. Tried below be-
fore the Hon. W. B. Wall, County Judge.

The indictment charged the appellant and George Robinson,
jointly, with the theft of four hogs, of the value of three dollars
each, the property of Thomas Plummer, in Houston county,
Texas, on the second day of January, 1884. The penalty im-
posed upon the appellant, who was alone on trial and convicted
in this case, was a fine of forty dollars, and confinement in the
county jail for the period of ten days.

Thomas Plummer was the first witness for the State. He
testified that he lived near the Trinity river, in Houston county,
Texas. Witness crossed the river into Leon county on or about
January 1, 1884, and on his way back home, on that evening, at
a point not more than a hundred yards from the river, he met
the defendant, another Sandy Robinson and George Robinson.
The three men were riding two horses, and each of the Sandy
Robinsons had a shoat belonging to witness in his arms, and at
the same time witness saw his male hog going up the river bank
on the other side. Witness talked to the men about five minutes
—long enough to see that the shoats were his, and in his mark—

and rode on, saying nothing about the hogs. On the next day witness crossed the river to see the several parties. The defendant, who was not related to the other two Robinsons, lived about half a mile beyond them. Witness stopped at the house of the other two Robinsons. The shoats were taken without witness's consent. Four shoats were taken back to witness's house on the day after the theft. Witness did not assist in taking them back.

Cross examined, the witness testified that none of the parties claimed the shoats when witness met them near the river. When witness went to the house of the other two Robinsons, on the day after the theft, he asked about the hogs, and found that they had been killed and salted down. Defendant was not then there, but came soon afterwards. He made no claim to any part of the meat. Witness and the Robinsons satisfactorily arranged the matter, and the pork of four shoats was taken back to witness's house. Defendant helped take the meat to witness's house. Defendant claimed no interest in the hogs before they were killed, nor did he claim any interest in the meat. None of the meat was found in his house.

Vander Plummer, the son of the witness Tom Plummer, testified, for the defense, substantially as his father did for the State, showing that he was with his father when he met the parties with the animals, and when, on the next day, he crossed the river and recovered his meat.

The motion for new trial raised the questions discussed in the opinion.

*Cooper & Moore,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. We do not believe the testimony as exhibited in this record is sufficient to sustain the conviction of this appellant. With regard to the other two parties implicated in the theft of the hogs the evidence may be sufficient, amply sufficient, to establish the charge. But as to this appellant the case as made is simply one of recent possession and nothing more.

What is the rule with regard to recent possession alone as evidence of theft? It is fully laid down in Lehman v. The State, 18 Texas Court of Appeals, 174, as follows, viz: "But, to warrant

an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant." Again: "We think the rule may be stated in general terms thus: 'If a party in whose exclusive possession goods recently stolen are found fails reasonably to account for his possession, when called upon to explain, or when the facts are such as to require an explanation of him, the presumption of guilt arising from recent loss and possession will warrant a conviction without the necessity of further proof.'" (Citing 36 Miss., 97; 42 Miss., 642; 103 Ill., 82; 43 N. Y., 177; 65 N. C., 592; to which we add 77 Va., 411.)

Two essential requisites are wanting in this case, to wit: The "exclusive possession" and "a distinct and conscious assertion of property by the defendant." We will not repeat the facts, as they will be fully reported.

Because the evidence is wholly insufficient the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 22, 1887.