Matt, alias Dad Castleberry v. The State.

*No. 770.    Decided January 22nd, 1896.*

**Evidence—Receiving Stolen Property.**

On a prosecution for receiving stolen property, knowing it to have been stolen, the bare fact that the defendant received the stolen property, standing alone, is not sufficient proof to establish the fact that he knew that it was stolen when he received

it. Mere naked possession of stolen goods, not aided by other proof, is insufficient to show guilty knowledge.

APPEAL from the District Court of Robertson. Tried below before Hon. W. G. TALLIFERRO.

This appeal is from a conviction for receiving stolen property of the value of $50, knowing it to have been stolen; the punishment assessed being two years in the penitentiary.

No statement necessary.

[No briefs have come to the hands of the Reporter.]

DAVIDSON, JUDGE.—The appellant in this case was convicted under an indictment charging him with receiving stolen property, over the value of $50, knowing the same to have been so acquired, and his punishment assessed at two years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. The only question that is necessary to be considered by us in this case is the sufficiency of the evidence to sustain the verdict of the jury. The proof was substantially as follows: It was proven that one Hutchinson lost some jewelry, to-wit: a watch and a finger ring, and that one Jim Hunter was guilty of the theft thereof. After Hunter's arrest, on demand being made of him for the property, he carried the policeman to the defendant's house, where said Hunter boarded. When they arrived at the house, Hunter said to defendant, in the presence of the policeman, "Give us those things I left with you." Defendant said, "The watch and ring?" and then went into the house, got the watch, and handed it to the policeman; then took his pocketbook from his pocket, and took therefrom a gold ring, and also gave that to the policeman. This property was identified as the stolen property. These were all of the facts and circumstances in this case bearing upon the guilty knowledge of the defendant. This is not a case of theft, but a case of receiving stolen property, knowing the same to have been stolen. The possession of property recently stolen, under certain circumstances, is sufficient to sustain a conviction for theft. In this case the record renders it evident that Hunter stole the watch and ring, and not the defendant. Now, then, will the bare fact that the accused received the stolen property be sufficient proof, standing alone, that he knew the property was stolen when he received it? It will not. Mr. Bishop says upon this point (after discussing this subject): "But from these principles it is perceived the result follows that the mere naked possession of stolen goods not aided by other proof, is no evidence of the defendant's having received them, knowing them to be stolen." 2 Bish. Crim. Proc. § 909; Durant v. People, 13 Mich., 351-353. Just what circumstances will be sufficient to establish guilty knowledge we do not undertake to name. Each case must depend upon its own facts. But we do hold that the bare fact of receiving stolen goods is not sufficient to show guilty knowledge. As the case is presented to us, the conduct of the defendant was

entirely consistent with his innocence. It would be a dangerous doctrine to hold every citizen guilty of receiving stolen property, and send him to the penitentiary, because he was found in possession thereof. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*