### STUART v. STATE. (No. 8322.)

(Court of Criminal Appeals of Texas. June 25, 1924.)

**I. Receiving stolen goods ⬦8(4)—Evidence held insufficient to show knowledge that goods were stolen.**

In prosecution for receiving stolen property, evidence *held* insufficient to show knowledge that the property was stolen.

**2. Criminal law ⬦1159(5).—Appellate court not warranted in disturbing verdict on account of penalty.**

In a prosecution for receiving a stolen bridle, the appellate court will not be warranted in disturbing the verdict on account of punishment by fine of $50 and confinement in a county jail for 10 days.

**3. Receiving stolen goods ⬦3—Guilty knowledge one of principal elements of offense.**

One of the principal elements of the offense of receiving stolen goods is guilty knowledge, which ordinarily must be proved by circumstances.

**4. Receiving stolen goods ⬦8(4)—Bare possession insufficient.**

In a prosecution for receiving stolen goods, bare possession of the goods by the accused is insufficient to prove knowledge.

Appeal from Hall County Court; A. C. Hoffman, Judge.

Robert Stuart was convicted of receiving stolen property, and he appeals. Reversed and remanded.

Fitzgerald & Grundy, of Memphis, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for receiving stolen property; punishment fixed at a fine of $50 and confinement in the county jail for a period of 10 days.

[1] James Long, on May 13th, after the close of a religious service, missed his bridle, which he had left on his horse upon entering the church. On May 25th, he discovered the bridle upon one of the horses hitched at a schoolhouse. Appellant claimed the horse and bridle at the time. The state witness Carl Hale testified that on the night of May 13th he, in company with Jeff Stuart, a brother of the appellant, agreed to steal two bridles. Hale stole one bridle, and later saw Jeff Stuart in possession of a bridle different from that which he had previously had, but which the witness could not identify.

Appellant testified that he resided with his father, and that Jeff Stuart lived with his brother at a different place; that appellant had been working in Memphis for some months, and was not acquainted with the bridles upon his father's premises; that he saw the bridle in question in possession of his brother, and on the next day he had an engagement to attend school exercises in company with the witness Crabb; that in preparing for the trip Crabb was requested by the appellant to bridle and saddle his horse while he made a change of clothes; that he noticed the bridle, and supposed that his brother had left it there, and had no knowledge that it was stolen. Crabb testified to facts corroborating his connection with the transaction related by the appellant.

[2] The case was tried before a jury, and this court would not be warranted in disturbing the verdict on account of the penalty assessed.

[3, 4] One of the principal elements of the offense is guilty knowledge which ordinarily must be proved by circumstances. Bishop's New Crim. Proc. (2d Ed.) vol. 2, § 991. We confess our inability to perceive any cogent proof that the appellant was aware of the fact that the property was stolen. He had not concealed it. There was no evidence that he had obtained it under suspicious circumstances. The explanation made by him was reasonable, and we fail to find in the record such circumstances as warrant the necessary conclusion that the appellant knew that the bridle was stolen. The bare possession of it has often been held by this court to be insufficient. Wilson v. State, 12 Tex. App. 481; Estes v. State, 23 Tex. App. 611, 5 S. W. 176; Arcia v. State, 26 Tex. App. 205, 9 S. W. 685; Castleberry v. State, 35 Tex. Cr. R. 383, 33 S. W. 875, 60 Am. St. Rep. 53.

The judgment is reversed, and the cause remanded.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes