### E. J. UHL V. THE STATE.

No. 10259.    Delivered October 27, 1926.

1.—Receiving and Concealing Stolen Property — Requested Charge — On Defensive Issue—Improperly Refused.

Where, on a trial for receiving and concealing stolen property, the evidence clearly raised the issue that the appellant himself stole the automobile, and therefore could not be guilty as the receiver and concealor of the property, and appellant requested a special charge presenting this issue, it was error for the trial court to refuse same. Following Allen v. State, 175 S. W. 700; Davis v. State, 55 Tex. Crim. Rep. 495.

2.—Same—Charge of Court—Requested Charge—Effect Of.

Where no exception is taken to the omission in the court's main charge, but a correct special charge, calling attention to the omission is presented, this is sufficient to present the matter embraced in the special charge to the attention of the trial court. Following Parker v. State, 261 S. W. 782; Bell v. State, 268 S. W. 168, and Howington v. State, 268 S. W. 933.

Appeal from the District Court of Eastland County. Tried below before the Hon. Elzo Been, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*S. W. Smith* of Desdemona, and *Chastain & Judkins* of Eastland, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is receiving and concealing stolen property, and the punishment assessed is two years in the penitentiary.

The record discloses that the issue was squarely presented that the appellant himself stole the automobile in question and was guilty of the theft thereof and therefore not guilty as the receiver and concealor of said car. Appellant tendered a special charge to the effect that if the jury believed from the evidence that the defendant himself took the car from the possession of the owner, then he should be acquitted of the offense of receiving and concealing stolen property. In other words, the special charge was clearly sufficient to call the court's attention to the fact that appellant was desirous of having a charge given to the effect that if the jury were satisfied that he was guilty only as the person who actually committed the fraudulent taking of the property, then he could not be convicted for the offense of receiving and concealing the same. This special charge was refused by the court and to the court's action in so refusing it the appellant reserved his exception and presents the same as a basis of complaint here. We think the learned trial court fell into error in refusing to present this theory of the case to the jury. Allen v. State, 175 S. W. 700; Davis v. State, 55 Tex. Crim. Rep. 495. Also see Southwestern Digest under Key No. 772 (6), Criminal Law.

We think the appellant was entitled to point out the omission in the court's charge by presenting a correct special charge calling attention to the omission. Parker v. State, 261 S. W. 782. Rell v. State, 268 S. W. 168. Howington v. State, 268 S. W. 933. The state's attorney confesses error in regard to this matter and we think that in so doing he is correct.

For the error above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.