## R. R. WILSON V. THE STATE.

No. 17256. Delivered February 27, 1935.

The opinion states the case.

*A. Q. Mustain,* of Aubrey, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of receiving and concealing stolen property, and his punishment was assessed at a fine of $15.00.

The only contention made by the appellant which we deem necessary to discuss is the insufficiency of the testimony to sustain the conviction. The State's testimony showed that on or about the first day of March, 1933, some one took a lawn mower from the place of G. E. McDonald who lived at Pilot Point, Texas; that some time thereafter in the month of April the lawn mower was found in the possession of the Reverend George Hodge at Tioga, Texas. Mr. Hodge testified that he purchased the lawn mower from the appellant, paying $2.50 therefor; that he had theretofore on the 4th day of April been to the place of business of appellant intending to purchase a secondhand lawn mower knowing that the appellant was engaged in the business of selling all kinds of secondhand goods; that at said time the appellant advised him that he did not have any lawn mowers, whereupon Mr. Hodge requested the appellant that if and when he did have one to so advise him; that on the 13th day of April the appellant by postal card advised the Reverend Hodge that he had an old lawn mower which he would sell him for $2.50. Mr Hodge went to the appellant's place of business, inspected the lawn mower and purchased it notwithstanding the fact that one wheel was off. Mr. Sitze, an officer at Pilot Point, Texas, testified for the State that he went to the appellant's place of business and inquired of him if he had handled a lawn mower, to which the appellant replied in the negative; that some days later he went back to the appellant's place of business and again inquired if he had bought a lawn mower from Theodore Evans, to which the appellant again replied in the negative. Mr. Sitze then went to see Evans who had told him that he, Evans, had sold a lawn mower to the appellant, whereupon Mr. Sitze went back to appellant's place of business, arrested him, and started to Denton with him, when the appellant told him, Sitze, that he had purchased a lawn mower from Evans, paying therefor with a black hat and a quarter of a dollar, and that he had sold the lawn mower to Reverend Hodge; that upon being informed that the lawn mower was claimed by Mr. McDonald he returned the $2.50 to Mr. Hodge.

Article 1430, P. C., under which the appellant was prosecuted, reads as follows: "Whoever shall receive or conceal property which has been acquired by another in such manner

as that the acquisition comes within the meaning of the term theft, knowing the same to have been so acquired, shall be punished in the same manner as if he had stolen the property." The constituent elements of the offense under said article for which the appellant was convicted are twofold: First, that the property which he received was stolen and that he knew at the time that it was stolen; second, that after he so received it he concealed it. It will be observed from the language of the statute itself that the property must be received with knowledge on the part of the receiver at the time that it was stolen property. In the case under consideration there is no testimony that Evans stole the lawn mower other than that he sold it to the appellant, and there is not any testimony in the record which would tend to show that the appellant knew at the time he purchased the lawn mower from Evans that it was stolen, other than his denial thereof when first questioned with reference to same. Of course, guilty knowledge may be proven by circumstantial as well as by direct and positive testimony, and in fact is most frequently proven by circumstantial evidence, but the most that can be said of the testimony in this case is that it tends to raise a suspicion. That appellant purchased the lawn mower from Evans at about its market value is uncontradicted, and that after he acquired it he had it in his store where it could be seen and inspected by would-be purchasers is also uncontradicted; that he notified the Reverend Hodge by postal card through the United States mail that he had a lawn mower which he would sell for $2.50. This testimony was offered by the State and was not contradicted or disapproved by any fact or circumstance, which we think failed to even raise the suspicion of the concealing of said property, and in support of the views herein expressed we refer to the case of Trail v. State, 57 S. W., 92, and the authorities there cited. If the appellant was connected with the theft of the property by procuring Evans to steal the lawn mower, he could not be guilty of receiving and concealing stolen property under the authority of Uhl v. State, 287 S. W., 1099, and Byrd v. State, 38 S. W. (2d) 332.

Having reached the conclusion that the evidence is wholly insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.