## MARGUERITE CARTER ELLIS V. THE STATE.

No. 18157.   Delivered April 8, 1936.

The opinion states the case.

*R. M. Gardner,* of Amarillo, and *R. H. Templeton,* of Wellington, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of knowingly receiving and concealing stolen property of the value of less than fifty ($50.00) dollars, and her punishment was assessed at confinement in the county jail for a period of one year.

Appellant urges two grounds upon which she seeks a reversal of the judgment of conviction. The first is that the testimony does not warrant and sustain the judgment. The second is that the property found by virtue of a search of her home under an illegal search warrant was not admissible in evidence against her.

In order that we may intelligently dispose of the first question presented, we deem it proper to set forth the salient facts proven at the trial. The record shows that Mrs. Lucille Hill, the surviving wife of F. H. Hill, deceased, owned a two-story residence located southeast of the business district in the town of Panhandle in Carson County, but that she had not occupied it for more than five years preceding the time of the alleged burglary. She was and had been making her home with Mr. and Mrs. Stone since the death of her husband. However, all of her household goods and kitchen utensils were left in said home. On or about the 12th day of July, 1935, some parties, by breaking a window, entered the same and took therefrom some of the personal property. An examination of the burglarized house by the officers revealed some tracks, which were made by men's shoes, in the dust on the floor; and imprints made by the heels in the dust showed some peculiar marks. A few days later the officers obtained a search warrant to search the home of appellant and her husband, and also secured a warrant for the arrest of Bill Ellis, husband of appellant, and Tex Welch. The officers went to the home of appellant armed with the warrants and told her that they had come to look the place over. She told them to go ahead and do so. In their investigation they found some plated silverware in a drawer of the buffet, some blankets in trunks, a hammer, etc.; this property was identified by Mrs. Hill as her property that had been taken out of her two-story home. At the time the officers were making the investigation neither the appellant's husband, Bill Ellis, nor Tex Welch, who was making his home with them, were at home. Bill Ellis and Tex Welch were later arrested and charged with having committed said burglary, and appellant was charged with receiving and concealing said stolen property. The shoes of Ellis and Welch were taken to the burglarized house and fitted into the imprints of shoes found in the dust on the floor and they fitted said tracks perfectly.

Appellant did not testify or offer any testimony, but relied on the insufficiency of the State's testimony to show her guilty beyond a reasonable doubt. It is apparent that this case rests

entirely upon circumstantial evidence. Under such a state of facts the circumstances relied upon to sustain a conviction must exclude every other reasonable hypothesis except the guilt of the accused. If the circumstances proven in this case do so, then it meets the requirements of the law; if not, then the case should be reversed. Let us analyze the same and see if they do. The tracks found on the floor of the burglarized house fitted the shoes worn by Bill Ellis and Tex Welch, the stolen property was found in the home of appellant and her husband, Bill Ellis, and where Tex Welch made his home. These circumstances would lead to the conclusion that said two men burglarized Mrs. Hill's home and stole the property, carried it to Bill Ellis's home, and put it where it was found. Where are the circumstances that tend to prove that appellant received and concealed it? The fact that she was the wife of Bill Ellis and lived in the same house with him and Welch does not exclude the presumption that Bill Ellis and Welch were in the exclusive possession of said stolen property. The fact that she lived in the same house with her husband and Welch, together with the fact that the stolen articles were found in said house and that they were old, would not be sufficient to show that she knew they were stolen even if they had been delivered to her. The proof must not only show that she received the stolen property, but must also show that she knew that the same was stolen and, knowing it to have been stolen, concealed it. See Castleberry v. State, 33 S. W., 875; Wilson v. State, 79 S. W. (2d) 862; Goldstein v. State, 171 S. W., 709; and the authorities there cited.

Even if it be conceded that she was in possession of the stolen property, which would be a circumstance connecting her with the offense of which she was convicted, it would be equally a circumstance connecting her with the offense of burglary. If guilty of burglary and the theft of the property, she could not be guilty of receiving and concealing the same.

In the instant case four persons occupied the home where the stolen property was found in trunks and drawers, but the testimony fails to show that Welch and Ellis, who apparently stole the property and took it home, ever parted with possession thereof. Neither does the evidence of receipt of the alleged stolen property point any stronger to the appellant than to the daughter. Where possession of stolen property is relied on as a circumstance connecting one accused of the theft thereof, the possession must be recent, personal, and accompanied by a conscious assertion of ownership. See Perkins v.

State, 32 Texas, 110; Gillman v. State, 46 S. W. (2d) 699; Williamson v. State, 30 Texas Crim. Rep., 330. We think that the same rule applies in cases of this nature. Applying the foregoing rule, it is our opinion that the testimony which is entirely circumstantial falls far short of the legal requirements to sustain the conviction. See Lemon v. State, 231 S. W., 388; Russell v. State, 86 Texas Crim. Rep., 609.

In view of the disposition we are making of this case, we do not deem it necessary to discuss the second ground urged by the appellant for reversal.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.