### ROSCOE HAGAN v. THE STATE.

No. 18946. Delivered April 28, 1937.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for ten years.

Gus J. Moss testified that on the 23rd of May, 1936, his place of business was burglarized and a quantity of oil taken therefrom. He did not know who committed the burglary. W. L. Cox, a witness for the State, testified that appellant and Tommy Hoffelter came to his home in the country in an automobile the last of May, 1936, and asked him to show them the way out of the witness' pasture. He testified further that he went with said parties into an adjoining pasture, where he saw them remove a quantity of oil from their automobile. A deputy sheriff testified that he found the oil at the place where the witness Cox said it had been hidden, and delivered it to Mr. Moss, who identified it as the property that had been taken from his store on the occasion of the burglary.

Appellant did not testify, and introduced no witnesses.

The indictment embraced two counts, one charging burglary, and the other, receiving and concealing stolen property. The count last mentioned was alone submitted to the jury. We think appellant's contention that the evidence is insufficient to support a conviction for receiving and concealing stolen property must be sustained. The testimony goes no further than to show that appellant and Hoffelter were jointly in possession of the property that had been recently stolen from the prosecuting witness. Their unexplained possession of said recently stolen property might warrant a conviction for theft or burglary, but such possession alone does not sustain a conviction for fraudulently receiving and concealing said property. Marquez v. State, 70 S. W. (2d) 426; Murphy v. State, 95 S. W. (2d) 133.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.