## JOE HOCHMAN V. THE STATE.

No. 22398. Delivered March 3, 1943.
Rehearing Denied May 5, 1943.
State's Request for Leave to File Second Motion for Rehearing
Overruled May 19, 1943.

The opinion states the case.

*Joe Burkett* and *Schlesinger, Schlesinger & Goodstein,* all of San Antonio, for appellant.

*Ralph J. Noonan,* District Attorney, of Hondo, *Morriss & Morriss,* of San Antonio, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for receiving stolen wool, knowing it to have been so acquired; the punishment, six years in the State penitentiary.

By Chapter 357, Acts Regular Session 45th Legislature, the same appearing as Art. 1426c, Vernon's Penal Code, a new offense was created, whereby the theft of *any wool* is a felony.

The charge against appellant, as made by the indictment, was to the effect that he received, from Johnnie Menchaca and Alfonso Estrada, a sack of wool, which they had stolen from J. M. Mulcahy, knowing that it had been so acquired.

Johnnie Menchaca, for the State, testified that, about the last of May, 1942, he entered into a conspiracy with the appellant, whereby he (Menchaca) and Estrada were to steal sacks of wool, by breaking into and burglarizing freight cars, at Comfort, Texas; that the proceeds to be derived from the sale of such wool were to be divided between the three conspirators; that, when appellant first mentioned the idea of such enterprise, he (Menchaca) told him he "was kind of scared" to do it, whereupon appellant assured him that he would "back me up"; that appellant cautioned that no wool was to be sold in sacks with any marks or brands thereon. In keeping with, and as a result of, such conspiracy, Menchaca and Estrada, on the night of May 31st, 1942, burglarized a freight car at Comfort, and took therefrom four sacks of wool, which Estrada carried to the home of Sarah Menchaca, the mother of Johnnie Menchaca, where it was re-sacked, in keeping with appellant's instructions not to sell any wool in sacks having marks or brands thereon. The following day, Sarah Menchaca carried the four sacks of wool to Kerrville, where she sold it. She turned the proceeds over to Johnnie Menchaca, who paid to appellant the sum of $40.00 as his part. This theft and sale is and will be referred to as Transaction No. 1.

About a week following Transaction No. 1, Menchaca and Estrada, accompanied by Cecil Menchaca, burglarized a freight car at Comfort, and took four sacks of wool, which were carried to the home of Sarah Menchaca, where same was re-sacked. Thereafter, on June 11th, 1942, Johnnie Menchaca and Estrada carried one sack of this wool to appellant and delivered it to him by placing it on appellant's pick-up truck, at his place of business in Kerrville. On the same day, appellant sold the sack of wool, and received therefor $79.50. He retained $7.50 of this amount, and delivered the balance to the conspirators. This was

Transaction No. 2, and it is for the receipt by appellant of this one sack of wool, sold by him, that he has been here convicted. The trial court, in his charge, expressly limited appellant's guilt to this transaction.

A few days following Transaction No. 2, a third burglary of a freight car at the same place was committed by the same thieves, in which four sacks of wool were taken; and, after being re-sacked, same was carried and delivered to the appellant, who in turn sold it and divided the proceeds among the conspirators. This occurred on June 17th, 1942, or six days subsequent to the transaction relied upon by the State in this case.

A few days thereafter, the fourth burglary was committed, by the same thieves, in which six sacks of wool were stolen from a freight car. The six sacks were carried, by the thieves, to San Antonio, where they were found and recovered by the officers.

The foregoing facts are shown by the testimony of Johnnie Menchaca, Alfonso Estrada, Sarah Menchaca, and Cecil Menchaca, each and all of whom are accomplices, not only by reason of their participation in the unlawful enterprise, but also by reason of their being under indictment for offenses growing out of these transactions. The trial court instructed the jury that they were accomplices as a matter of law.

Other testimony for the State consisted chiefly of proof identifying the wool in the four several transactions as having been stolen, by someone, from the freight cars; and especially is that true of the one sack of wool which was received and sold by the appellant. Mulcahy was the special owner of the wool and freight car, by reason of his being the agent of the railroad company.

The witness Brooks, to whom appellant sold the one sack of wool out of Transaction No. 2, testified that he bought the sack from appellant and paid him $79.56 therefor; that apparently there were no marks or brands on the sack at the time of the purchase. However, a close examination, made after an investigation had been begun, revealed that brands and marks were discovered thereon, whereby it was identified. The sack showed to have been recently washed. Touching the sales of wool by the appellant, Brooks testified, upon cross-examination, that they were made in "broad daylight, right there in Kerrville; that is true, and his (appellant's) place of business is within four or

five blocks from our place of business; he went to Schreiners' Store (where payment for the wool was made) in business hours, in broad open daylight. I cannot say that there was an suspicious act on the part of Joe (appellant) to indicate that he was acting other than in good faith."

The State introduced in evidence the following portions of a confession made by the appellant, viz.:

"On June 11, 1942, Alfonso Estrada and Johnnie Menchaca came to my store in Kerrville, that is, I found them waiting for me when I returned to my store early in the afternoon, and they had a bag of wool which they wanted to sell. About two days before that, while I was in Comfort on business, Johnnie Menchaca came to my truck and asked me if I would buy some wool. At that time I asked him if the wool bag had any marks or brands on it, as I would not handle it to the warehouse if it had brands or lot numbers on it.

"On the 11th, as above stated, Johnnie Menchaca and Alfonso Estrada brought one bag of wool to my place in Kerrville. They had it in a pick-up. The sack had no marks or brands on it. They again asked if I would buy it and I told them I did not know the price. I called Schreiner's warehouse and they said to bring it over. I took the sack of wool to Schreiner's warehouse and sold it to Schreiner Wool & Mohair Commission Company, in Kerrville, the gross weight being 224 pounds less tare 3 lbs., net weight 221 lbs., at 26¢, and I received the commission company's check for $79.56. The check was payable to me and I cashed it and, returning to my store where Johnnie Menchaca and Alfonso Estrada were waiting, I gave them all of the money the wool brought except $7.50."

The defensive theory, as shown primarily by the testimony of the appellant, was to deny the existence of the conspiracy as charged by Johnnie Menchaca. He explained his receipt of the one sack of wool which he sold by saying that he did this as an accommodation to Johnnie Menchaca and his mother; that Johnnie Menchaca brought the sack of wool to his place of business and asked him to sell it for his mother, to whom it belonged, as he could get more for it than if he himself sold it. He denied that he made any charge for selling the wool or that the sale was made as a result of any previous agreement that he would receive a part of the proceeds. He admitted that, after the sale, he gave all the money received by him to Johnnie Menchaca, who in turn gave him $7.50, of which $5.00 was given voluntarily and $2.50 was for groceries purchased at appellant's

store. His receipt and sale of the four sacks of wool in the third transaction were explained as having been made under the same circumstances as the one sack of wool. He denied that the confession he made was free and voluntary and denied the correctness of certain statements therein.

The whole of appellant's defensive theory was that he was innocent of any wrongdoing, and that what he did in the receipt and sale of the wool was entirely in good faith on his part, without any knowledge that the wool was stolen.

Appellant attacks the sufficiency of the evidence to support the conviction in three particulars, which are: (A) The State's testimony shows that appellant was a principal to the theft of the wool, and he could not, therefore, be guilty of receiving the same. (B) There is no corroboration of the accomplices' testimony that they acquired the one sack of wool here involved by theft. (C) There is no corroboration of the accomplices' testimony that appellant knew, at the time he received the one sack of wool, that it had been by them acquired by theft.

We discuss these contentions in the order named.

Do the facts show that appellant was so connected with the theft of the wool by Johnnie Menchaca and Alfonso Estrada as to constitute him a principal to the theft?

An answer to this question involves certain well-defined rules of law. It is well settled that one cannot be guilty of receiving or concealing property which he has stolen, or to the theft of which he was a principal. Uhl v. State, 105 Tex. Cr. R. 265, 287 S. W. 1099; Byrd v. State, 117 Tex. Cr. R. 489, 38 S. W. (2d) 332; Murphy v. State, 130 Tex. Cr. R. 610, 95 S. W. (2d) 133.

It is equally well settled that, in theft cases, where one is a party to a conspiracy to commit the crime of theft and his part in such undertaking is to make disposition of the stolen property and to divide the proceeds derived therefrom among the conspirators, he is a principal to the theft of the property by the conspirators, even though he was not present when the theft was committed. Burow v. State, 85 Tex. Cr. R. 133, 210 S. W. 805; McInnis v. State, 122 Tex. Cr. R. 128, 54 S. W. (2d) 96; Coy v. State, 131 Tex. Cr. R. 489, 100 S. W. (2d) 1016; Miller v. State, 133 Tex. Cr. R. 53, 105 S. W. (2d) 1097; and Thornton v. State, 136 Tex. Cr. R. 560, 127 S. W. (2d) 197.

In the instant case, the trial court recognized that the testimony of the accomplices was sufficient to raise an issue of fact upon this question, and gave the following charge:

"10. Where two or more persons enter into a conspiracy under which the parties have a positive agreement that one or more of such persons shall acquire property by theft, and one or more of such persons, tho not present at the time the property is stolen, shall thereafter receive said property and dispose of same and divide the proceeds thereof, then all such persons acting under such conspiracy would be guilty of theft as principals.

"If you find from the evidence or have a reasonable doubt thereof that the defendant, Joe Hochman, and Johnnie Menchaca entered into an agreement with each other that Johnnie Menchaca and another should take wool by means of theft, and deliver same to Joe Hochman and that the said Joe Hochman should receive and dispose of said wool and divide the proceeds thereof with said Johnnie Menchaca and his companion, and that acting under such agreement, the said Johnnie Menchaca and Alfonso Estrada acquired the bag of wool described in the indictment, by theft, and thereafter delivered same to the defendant, Joe Hochman, and that the said Joe Hochman received said one bag of wool under such agreement, then in such event, you will acquit the defendant of the offense for which he is on trial, and say by your verdict 'not guilty'."

In the light of said charge and the jury's finding, appellant is relegated, in his position, to the sole contention that the evidence, as a matter of law, reflects that he was a principal to the theft, under the rule stated. While isolated statements of Johnnie Menchaca might tend to support appellant's contention, yet when the testimony of this witness as well as all the other facts are looked to, we are unable to reach the conclusion that the jury was not authorized to conclude as they did, or that an issue of fact was not presented for the jury's consideration. From what we have said, it follows that appellant's contention is overruled.

We pass now to a consideration of the second question:

Are the accomplices corroborated in their testimony that they acquired the sack of wool here involved by theft?

In considering this question, it must be kept in mind that, in cases of receiving and concealing stolen property, where the theft of the property and the receipt thereof by the accused

with knowledge that it had been so acquired is shown by the testimony of accomplices, the rule is that the accomplices must be corroborated both as to the theft of the property and the receipt thereof by the accused. Johnson v. State, 42 Tex. Cr. R. 440, 60 S. W. 667; Wright v. State, 139 Tex. Cr. R. 255, 139 S. W. (2d) 825; Kosel v. State, 140 Tex. Cr. R. 257, 144 S. W. (2d) 543; Sanders v. State, 164 S. W. (2d) 685; Johnson v. State, 164 S. W. (2d) 702. The trial court, in keeping with the rule stated, instructed the jury accordingly, and also that one accomplice cannot corroborate another accomplice.

Johnnie Menchaca and Alfonso Estrada testified that they stole the sack of wool here involved, together with three other sacks. Cecil Menchaca said that he was present and assisted in this theft.

Appellant, in his confession, admitted that he received the sack of wool from Johnnie Menchaca and Alfonso Estrada. Appellant admitted that he sold the sack so received to Brooks. By the testimony of Brooks and others, the sack of wool was identified as having been stolen from the freight car.

It is thus made to appear that, outside of and other than the testimony of the accomplices, there was testimony sufficient to show the accomplices in possession of recently stolen property; and that, by reason thereof, a sufficient circumstance was shown to constitute corroboration of the accomplices' testimony that the wool so possessed by them had been acquired by them by theft.

Appellant's contention that the accomplices were not corroborated as to the theft of the wool is overruled.

This brings us to a consideration of the third and most troublesome question presented, which is:

Is there evidence corroborating the testimony of the accomplices that appellant received the stolen sack of wool with knowledge that it had been so acquired?

As pointed out, the State, in the development of its case, proved four separate and distinct thefts of wool: One prior to, and one on, June 11th, 1942, and two thereafter.

All the testimony concerning the theft of wool, other than the theft of June 11th, 1942, was expressly limited before the jury, by the following charge:

"13. Evidence has been admitted before you tending to show theft of wool other than the one bag of wool described in the indictment. You are instructed that you can consider such evidence of other thefts only as it may assist you, if it does so, in determining whether the one bag of wool described in the indictment was acquired by Johnnie Menchaca and Alfonso Estrada by theft, and you will not consider same for any other purpose."

Under such charge, the probative force and effect of the testimony showing the theft of other wool was limited to the jury's consideration, solely and alone, in determining whether Johnnie Menchaca and Alfonso Estrada stole the sack of wool, for which appellant was here convicted of unlawfully receiving.

By such charge, then, there was no testimony before the jury that appellant received other stolen wool, or that, in receiving the four sacks of wool on June 17th, 1942, he violated the law relative to receipt of stolen property. Certainly the evidence showing other thefts, or the receipt by appellant of other stolen wool, as limited by said charge, served in no manner to corroborate the testimony of the accomplice that appellant received the one sack of wool here involved with knowledge that it had been acquired by theft.

The mere fact that one is found in the possession of property which has recently been stolen is not sufficient to show guilty knowledge on his part that it had been acquired by theft. Castleberry v. State, 35 Tex. Cr. R. 382, 33 S. W. 875; Marquez v. State, 126 Tex. Cr. R. 132, 70 S. W. (2d) 426; Murphy v. State, 130 Tex. Cr. R. 610, 95 S. W. (2d) 133; Hagan v. State, 132 Tex. Cr. R. 338, 104 S. W. (2d) 857. Giving effect to such rule here, the mere fact that appellant had possession of the stolen sack of wool is not sufficient to show that he knew it was stolen.

The State insists that the mode, manner, and method by which appellant received and sold the sack of wool are circumstances pointing to guilty knowledge on his part. Touching this contention, it appears that appellant received the sack of wool, at his place of business, in the daytime. There were apparently no marks or brands on the sacks, as the purchaser thereof discovered to the contrary only after a close examination of the sack. The appellant sold the sack of wool to a bona fide buyer, in the open market, and at a fair price.

We are unable to say that guilty knowledge is imputed from any such facts. Moreover, appellant's conduct in this particular

is not shown to have been other than that of any person who might have had a sack of wool to sell.

In testing the sufficiency of evidence to corroborate an accomplice, the well defined rule is to exclude the testimony of the accomplice and to see if there remain other facts or circumstances which tend to connect the accused with the offense charged. Fitzgerald v. State, 140 Tex. Cr. R. 359, 145 S. W. (2d) 190. Applying that rule to the facts in the instant case, we are unable to find from the testimony of non-accomplice witnesses, authorized to be considered by the jury in determining guilty knowledge on the part of appellant, any facts or circumstances tending to so show.

It follows that the conclusion is reached that the facts are insufficient to show that appellant received the stolen sack of wool with knowledge that it had been so acquired.

In view of another trial, we make these additional observations:

The facts adduced in support of appellant's motion to quash the indictment are insufficient to show an abuse of discretion by the trial court in overruling the motion.

In the light of the facts adduced upon the motion for change of venue, coupled with the further fact that this case has now been once tried in Kendall County, the opinion is expressd that, upon another trial, the venue should be changed.

Because of the insufficiency of the corroboration as pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State's very exhaustive brief and argument on its motion for rehearing in this case centers on that part of the original opinion holding that the evidence, as submitted to the jury, was insufficient to corroborate the accomplice witnesses on the issue of guilty knowledge. A proper construction of Section 13 of the court's charge (copied in the original opinion)

is the chief question for our consideration at this time and will determine the conclusion we reach that the motion must be overruled.

May it be understood that we do not hold the evidence insufficient to sustain the conviction as it is presented in the record, except for the fact that it was withdrawn from the consideration of the jury for all purposes other than to show that the one bag of wool in question was stolen by Menchaca and Estrada. The effect of the State's contention is that the jury has a right to consider evidence contrary to the instruction of the trial court. This we believe to be a dangerous doctrine, contrary to the rule that the jury must receive the law from the court and be governed thereby. If we depart from that rule and permit the jury to consider evidence which the court has withdrawn, or sanction their conduct in any finding contrary to the instructions given them by the trial court, it would have the effect of throwing our system of the trial of cases into hopeless confusion and uncertainty and to destroy a fundamental rule of procedure. The court may be wrong but it is never the proper province of the jury to correct him.

As the writer views it, the subject of extraneous crimes is one which must be carefully considered in each case. If evidence of extraneous crimes be admitted for any purpose it usually becomes the duty of the trial court to give an instruction limiting the consideration of such evidence to the specific issues for which it is admitted; and "the charge should be given although not requested by the defense." 42 Texas Jurisprudence, page 140; Sexton v. State, 26 S. W. 833. The trial court's intentions in following this rule is commendable. The difficulty is that in the case before us the evidence should be admitted for the purpose of showing guilty knowledge on the part of the party on trial, for receiving and concealing stolen property as well as to show that the property was stolen. Both of these issues were in the case and were necessary to be determined by the jury in accordance with the State's contention before they could find appellant guilty.

We have found it difficult to direct attention to cases dealing specifically with the particular question before us. The State, in its argument, has failed to refer us to any; but it may be helpful to refer to the discussions found in 42 Texas Jurisprudence, pages 123 to 157.

It would appear to be unnecessary to indulge in an extended discussion to reach the conclusion that when the trial

court withdraws evidence from the jury they have no right to consider it. It is very clear that such procedure would be unfair as misleading to the party on trial. He has a right to rely on the fact that this evidence is not considered, and to refrain from arguing it to the jury. The right to argue his case and all evidence on every pertinent issue is a valuable right which should not be defeated by this method, however innocent the State or the trial court may be in making the record and submitting it to the jury, as was done in the instant case.

It will be unnecessary to discuss the other questions raised in the motion for rehearing.

The State's motion for rehearing is overruled.

### ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Representatives of the State have requested leave to file second motion for rehearing and presented said motion in connection with such request.

It is insisted that our former construction of the trial court's limitation of the use of evidence of other thefts was erroneous. We do not think so, and can see no good to be accomplished by a further discussion of the subject.

It is further urged that the record contains corroborating evidence of the accomplice witnesses sufficient to meet the requirements of the law relative to the specific charge against appellant of receiving the one sack of wool in question. In the light of the second motion we have again painstakingly reviewed the evidence. Our conclusions in that regard have not been altered. It would add nothing to the jurisprudence of the State to write at greater length on that point.

Regarding the legitimate use by the jury of the evidence of thefts of other wool than the one sack charged in the indictment our attention has fallen on one statement in our opinion on rehearing which was made under the impression that the evidence showed that appellant handled the wool obtained by all of said other thefts. We misconceived the facts. The statement referred to is as follows:

"* * * in the case before us the evidence should be admitted for the purpose of showing guilty knowledge on the part of the

party on trial for receiving and concealing stolen property as well as to show that the property was stolen."

Unless we again misapprehend the evidence the quoted statement should be modified to restrict the use of other thefts of wool for the purpose of showing appellant's guilty knowledge to the one other transaction in which appellant is claimed to have sold other stolen wool delivered to him by the thieves. Appellant in no manner handled the wool taken to San Antonio by the thieves and which was recovered before being disposed of by them. In another transaction the thieves themselves sold the stolen wool, and the only claimed connection of appellant therewith is from the testimony of the accomplice witnesses that they turned over a part of the proceeds to appellant. We find no corroborating evidence on this point.

The second motion for rehearing by the State is overruled.