## HOCHMAN v. STATE.

No. 22398.

Court of Criminal Appeals of Texas.

May 19, 1943.

For former opinion, see 170 S.W.2d 756.

Joe Burkett and Schlesinger, Schlesinger & Goodstein, all of San Antonio, for appellant.

Ralph J. Noonan, Dist. Atty., of Hondo, Morriss & Morriss, of San Antonio, and Spurgeon E. Bell, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Representatives of the State have requested leave to file second motion for rehearing and presented said motion in connection with such request.

It is insisted that our former construction of the trial court's limitation of the use of evidence of other thefts was erroneous. We do not think so, and can see no good to be accomplished by a further discussion of the subject.

It is further urged that the record contains corroborating evidence of the accomplice witnesses sufficient to meet the requirements of the law relative to the specific charge against appellant of receiving the one sack of wool in question. In the light of the second motion we have again painstakingly reviewed the evidence.

Our conclusions in that regard have not been altered. It would add nothing to the jurisprudence of the State to write at greater length on that point.

Regarding the legitimate use by the jury of the evidence of thefts of other wool than the one sack charged in the indictment our attention has fallen on one statement in our opinion on rehearing which was made under the impression that the evidence showed that appellant handled the wool obtained by all of said other thefts. We misconceived the facts. The statement referred to is as follows: "* * * in the case before us the evidence should be admitted for the purpose of showing guilty knowledge on the part of the party on trial for receiving and concealing stolen property as well as to show that the property was stolen."

Unless we again misapprehend the evidence the quoted statement should be modified to restrict the use of other thefts of wool for the purpose of showing appellant's guilty knowledge to the one other transaction in which appellant is claimed to have sold other stolen wool delivered to him by the thieves. Appellant in no manner handled the wool taken to San Antonio by the thieves and which was recovered before being disposed of by them. In another transaction the thieves themselves sold the stolen wool, and the only claimed connection of appellant therewith is from the testimony of the accomplice witnesses that they turned over a part of the proceeds to appellant. We find no corroborating evidence on this point.

The second motion for rehearing by the State is overruled.