The appeal is from a conviction for murder with a penalty of three years in the penitentiary.
Appellant is alleged to have killed Frank Lewis on the 10th day of September, 1944, by cutting him with a knife. The case was tried in 1946 in Limestone County, where the homicide took place. The result of that trial is not disclosed by the record, but it is shown that a trial was had and two of the witnesses who testified for the state in that case were not present at the trial in Navarro County. Their testimony on the former trial was reproduced, under the rules.
The prosecution presented a knife while cross-examining appellant and asked him if that was the knife he used. Defense objected to the introduction of the knife and the court sustained the objection. The ground of the objection and the reason for the ruling do not appear in the record, but the court stated to the jury definitely: "Gentlemen of the jury, you will not pay any attention to that knife as being of any significance at all; it was erroneous for counsel to have exhibited it in your sight at this time." This procedure shows conclusively that the knife was not in evidence before the jury. On his motion for new trial complaint is made of misconduct of the jury contrary to the statute forbidding the reception of additional evidence (Art. 753, Sec. 7, C. C. P.) R. M. Cooksey, a member of the jury, testified that he remembered the private prosecutor pulled from his pocket a knife. He described the knife as being red-handled. He then said, "We discussed the knife in the jury room * * *. One of us said the knife just gave him cold chills and I said 'It did me too, because I had one pulled on me once.' * * *." The juror then discussed the incident, described the knife and detailed the experience which he had and which he referred to while in the jury room. He concluded, "I don't know whether the view of the knife when exhibited by Mr. Tyson affected my verdict as to the guilt or innocence of the defendant or not; I just know when he pulled the knife out it shocked me; a knife scares me; I don't know that that influenced my verdict." He further stated, on re-direct examination, "The sight of the knife influenced me; and it was discussed in the jury room; webrought the knife up; * * *."
The situation thus presented is quite unusual. As the record stands before us it appears to have been perfectly proper to have asked the question and to have appellant identify the knife. Usually the weapon used to commit the murder is admissible in evidence. We have always held, however, that a jury has no right to discuss evidence which the court has withheld *Page 463 
or withdrawn from them. The difficulty in applying the rule of law thus raised was discussed in Hochman v. State,170 S.W.2d 756 (at page 761, on motion for rehearing). The jury had no right to discuss the evidence involved under the circumstance of this case. The question of whether or not the court's ruling, withdrawing it from them, was proper is immaterial. It was not before them as evidence. Even though it appears in the instant case that the court might have committed error against the state in his ruling, we are unable to say that he did. That question is not before us. In the state of the record there is no evidence to show that it was the knife used in the murder. It is sufficient for us to say that after the court refused to admit the knife as evidence before the jury, it was improper for the jury to discuss it. Because they did discuss it a new trial should have been granted.
Two bills of exception complain of the admission of the testimony of two witnesses taken on a former trial. The evidence in each case was admissible and the court's ruling thereon was proper.
For the error complained of, the judgment of the trial court is reversed and the cause is remanded.
 ON STATE'S MOTION FOR REHEARING.