**Alonzo HYNSON, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 902–82.**

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

M. Bruce Fort, Texas City, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In an unpublished opinion the Houston (1st) Court of Appeals affirmed an order revoking probation finding that appellant had appropriated property knowing that it was stolen by another. V.T.C.A. Penal Code, § 31.03(a), (b)(2). In coming to its conclusion that the evidence supported that finding the court of appeals applied the common law rule that unexplained personal possession of recently stolen property creates a presumption sufficient to sustain a

---

conviction for theft, citing *McCutcheon v. State,* 140 Tex.Cr.R. 74, 143 S.W.2d 611 (1940), *Grant v. State,* 507 S.W.2d 732 (Tex. Cr.App.1974) and *Smith v. State,* 518 S.W.2d 823 (Tex.Cr.App.1975).[1] This Court granted appellant's petition for discretionary review to determine whether that rule is applicable to a prosecution for receiving stolen property. We hold that it is not.

Most recently cited in *Ehrman v. State,* 580 S.W.2d 581 (Tex.Cr.App.1979), the leading Texas case on this point seems to be *Castleberry v. State,* 35 Tex.Cr.R. 382, 33 S.W. 875, 60 Am.St.Rep. 53 (1896). For the Court, Judge W.L. Davidson forcefully declared:

> "Now, then, will the bare fact that the accused received the stolen property be sufficient proof, standing alone, that he knew the property was stolen when he received it? It will not. * * * Just what circumstances will be sufficient to establish guilty knowledge we do not undertake to name. Each case must depend upon its own facts. But we do hold that the bare fact of receiving stolen goods is not sufficient to show guilty knowledge."[2]

The Davidson declaration was later reiterated by the Court in *Marquez v. State,* 126 Tex.Cr.R. 132, 70 S.W.2d 426 (1934), and it was further developed by the Court in, e.g., *Murphy v. State,* 130 Tex.Cr.R. 610, 95 S.W.2d 133 (1936);[3] *Hagan v. State,* 132 Tex.Cr.R. 338, 104 S.W.2d 857 (1937);[4] and *Patterson v. State,* 140 Tex.Cr.R. 661, 146 S.W.2d 993 (1941).[5] See *Hodges v. State,* 143 Tex.Cr.R. 573, 160 S.W.2d 262, 263 (1942); *Hochman v. State,* 146 Tex.Cr.R. 23, 170 S.W.2d 756, 760 (1943) motion overruled, 146 Tex.Cr.R. 23, 171 S.W.2d 130 (1943); see also *Passmore v. State,* 411 S.W.2d 723, 725 (Tex.Cr.App.1967).

Then, writing for the Court as Commissioner, Judge Woodley formulated a modified proposition:

> "The bare fact that appellant was in possession of the stolen property is not sufficient to show that he knew it was stolen. But such possession was a circumstance which together with other circumstances may be sufficient ... to draw such an inference."

---

1. Correctly stated, the rule is that in order to draw inference or presumption of guilt from the circumstance alone of possession of stolen property, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the accused. 5 Branch's Annotated Penal Code (2nd Ed.) 96, § 2650; *Lehman v. State,* 18 Tex.App. 174 (Ct.App.1885); *Robinson v. State,* 22 Tex.App. 690, 3 S.W. 736 (1887); see *Hite v. State,* 650 S.W.2d 778 (Tex. Cr.App.1983).

   In the case at bar the court of appeals found that "the uncorroborated explanation of the accused, containing no details of the alleged purchase, is not reasonable and therefore amounted to no explanation," and applied the presumption to uphold the order of the trial court.

2. Judge Davidson continued:
   "As the case is presented to us, the conduct of the defendant was entirely consistent with his innocence. It would be a dangerous doctrine to hold every citizen guilty of receiving stolen property, and send him to the penitentiary, because he was found in possession thereof." *Id.,* 33 S.W. at 875.

3. "The possession of recently stolen property or a part thereof will justify the conclusion that the possessor thereof committed the offense of theft, but does not justify the conclusion that he fraudulently received the stolen property knowing that it was stolen and thereafter concealed it. The unexplained possession of the motor, which was a part of the recently stolen property, alone might justify the conclusion that appellant stole the car, but would not justify the conclusion that he fraudulently received and concealed it. *Marquez v. State,* ...." *Id.,* 95 S.W.2d at 136.

4. "The testimony goes no further than to show that appellant and Hoffelter were jointly in possession of the property that had been recently stolen from the prosecuting witness. Their unexplained possession of said recently stolen property might warrant a conviction for theft or burglary, but such possession does not sustain a conviction for fraudulently receiving and concealing said property. *Marquez v. State...; Murphy v. State....*" *Id.,* 104 S.W.2d at 857.

5. "The fact that appellant was found in possession of recently stolen property would be a circumstance tending to show that he committed a theft, but would not be a circumstance showing that he received it from ... the alleged thief." *Id.,* 146 S.W.2d at 994.

*Pollan v. State,* 157 Tex.Cr.R. 178, 247 S.W.2d 889, 891 (1952) (Opinion on Rehearing); also *Jackson v. State,* 464 S.W.2d 153, 155 (Tex.Cr.App.1971).[6] That proposition was later approved by the Court in *Bradshaw v. State,* 482 S.W.2d 233 (Tex.Cr.App. 1972), *viz:*

> "In the present case appellant was arrested while possessing without explanation recently stolen property. This alone is not sufficient to show that he knew it was stolen. *Hochman v. State,* 146 Tex. Cr.R. 23, 170 S.W.2d 756. It is a circumstance which must be coupled with other significant circumstances to justify an inference of knowledge that the property was stolen. *Pollan v. State....*" *Id.,* at 235.

Receiving or concealing stolen property had been denounced by former Article 1430, P.C. 1925, and its predecessors, and thus the matter stood when the new penal code was enacted. There was no presumption of guilt of the offense from mere unexplained possession of recently stolen property; rather that fact was but a circumstance to be considered along with other relevant circumstances in drawing an inference that an accused knew that which he possessed was property stolen by another. That is the way the matter still stands. *Ehrman v. State,* supra, at 583; *Cooper v. State,* 537 S.W.2d 940, 945 [7] (Tex.Cr.App.1976); *Pool v. State,* 528 S.W.2d 255, 257 (Tex.Cr.App. 1975).[8]

Accordingly, we find that the court of appeals decided the sole ground of error presented by appellant on an impermissible "presumption" of guilt for appropriating property knowing that it was stolen by another, rather than considering whether unexplained possession of recently stolen property was coupled with other significant circumstances so as to justify an inference of knowledge on the part of appellant that the property was stolen. For that reason the court of appeals erroneously affirmed the order revoking probation.

The judgment of the court of appeals is reversed and the cause is remanded to that court.[9]

---

6. "It is thus clear that the unexplained possession of recently stolen property will not justify the conclusion that the accused fraudulently received and concealed it 'unless it was coupled with other significant circumstances.' 49 Tex. Jur.2d, Receiving Stolen Goods, Sec. 45, 303–304."

7. "Clearly the State's non-accomplice evidence showing unexplained presence of the car in appellant's wrecking yard would, standing alone, be insufficient to support a finding of guilty."

8. After quoting former Article 1430, supra, and excerpting from *Bradshaw v. State,* supra, the Court concluded:
   "Clearly, the quantum of proof in showing knowledge on the part of the accused that the property over which he exercised control was stolen is no less under the offense alleged under V.T.C.A. Penal Code, Sec. 31.03 in the instant case."

9. In enacting § 31.03, (a), (b)(2) the Legislature created two "evidentiary devices" to make it easier to prove "a 'fence' knew that the property he received had been acquired by theft," Practice Commentary. However, neither tinkers with the matter of unexplained possession of recently stolen property. That problem was not addressed until Acts 1977, 65th Leg., p. 937, ch. 349, added subdivisions (3) and (4) to subsection (c), providing a "presumption" of knowledge that property has been stolen in the case of an accused engaged in the business of buying and selling used or secondhand personal property or lending money on security of a deposit of personal property. Belatedly the State now advances that theory to affirm the order revoking probation, conceding as it must, however, that its contention was not presented to nor mentioned by the court of appeals. We leave disposition of that theory to the court of appeals.