Daniel MUNIZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–126–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 22, 1983.

Matias Morin, Edinburg, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

Appellant was charged in a two-count indictment with committing the offenses of theft and theft by possession of stolen property. The jury convicted him of the offense of theft by possession and acquitted him of the offense of theft. After the jury verdict, the trial court assessed punishment at five years in the Texas Department of Corrections.

On September 10, 1982, the complainant parked her car, a 1977 Ford Thunderbird, in front of a bar in San Benito, Cameron County, Texas. Approximately 30 minutes later, she went outside and noticed the car was not at the location where she parked it. She telephoned the police to report that the vehicle was stolen. She testified that she gave no one permission to use the car. The value of the car was worth more than $200.00 but less than $10,000.00.

Placido Ruiz, another individual who was also indicted in the matter, testified that about 10:00 o'clock that evening appellant

drove to his home in a pick-up truck. Appellant's brother accompanied him, driving a Thunderbird. Ruiz testified that appellant asked him if he could remove the engine from the Thunderbird. Ruiz did not have the equipment necessary to remove the motor, and suggested taking the vehicle to his brother-in-law, Miguel Leija. Ruiz said that he asked appellant if the vehicle was stolen, and the appellant told him that the car was not stolen, that it belonged to a lady who wanted the engine taken from the car. Ruiz testified that he believed him because appellant had a key. Ruiz testified that the next day he took the engine out of the car and put it in appellant's truck. Ruiz testified that all of the transactions involving the Thunderbird were with the appellant.

Yolanda Flores, a friend of Ruiz, testified that she saw appellant and another man one evening at Ruiz' house. One was in a green truck, the other was in a Thunderbird. She positively identified one of the men she saw that evening as the appellant.

Leija testified that appellant, Ruiz and appellant's brother came over to his home one evening about ten o'clock to ask him if he could take the motor out of a car. He agreed to let them take it out the next day. He identified a picture of the Thunderbird as the one that was left at the house by the appellant and Ruiz. About five weeks later, Leija called the constable's office regarding another matter and, in the process, notified Constable Tovar of the car body which was still sitting in his yard. He said that he had made prior attempts through his father-in-law to have the car picked up by appellant or Ruiz.

Constable Tovar testified that he inspected the vehicle left at Leija's home. He said he took down the serial number on the vehicle and matched the vehicle identification number with the one on the Certificate of Title describing a 1977 Ford two-door, hard-top belonging to the complainant. He took a photograph of the vehicle left in Leija's yard and identified it as a particular vehicle that he had seen that day. Tovar later checked the vehicle identification number to determine that it matched the identification number on complainant's certificate of title.

■ In appellant's first ground of error, he alleges that the State failed to prove that *appellant had knowledge that the vehicle was stolen by another.* This, of course, is an essential element of the offense for which he was convicted. Appellant was convicted under Tex.Pen.Code Ann. § 31.-03(a), (b)(2) which reads:

> "(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
>
> (b) Appropriation of property is unlawful if:
>
> > (2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

The essential elements of the offense which must have been proven by the state in order to uphold appellant's conviction are: 1) that the theft had occurred by another person; 2) that appellant received the stolen property and 3) that when he received the stolen property, he knew it was stolen. *Dennis v. State,* 647 S.W.2d 275 (Tex.Cr.App.1983). In order for the crime of theft by possession to be perpetrated, the theft must have occurred prior to the individual obtaining the stolen property. The receiver of property must be one other than the thief. *Dennis v. State,* 647 S.W.2d at 280; *Jackson v. State,* 464 S.W.2d 153 (Tex.Cr.App.1971). Theft and theft by receiving stolen property are two separate offenses. *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974).

■ The Court of Criminal Appeals has set the rule that unexplained personal possession of recently stolen property does not create a presumption of guilt sufficient to sustain a conviction of receiving stolen property. *Hynson v. State,* 656 S.W.2d 460 (Tex.Cr.App.1983). It is a circumstance which must be coupled with other significant circumstances to justify an inference of knowledge that the property was stolen by another. *Hynson v. State,* 656 S.W.2d at 462. The possession of recently stolen property will, however, justify the conclusion that the one in possession committed the

offense of *theft*, but it does not justify the conclusion that the property was received with knowledge that it was stolen by another. Proof of knowledge is still an essential element of the crime of theft by possession. *Ehrman v. State,* 580 S.W.2d 581 (Tex.Cr. App.1979); *Pool v. State,* 528 S.W.2d 255 (Tex.Cr.App.1975).

 Here, the evidence shows that the appellant and his brother were in possession of recently stolen property. But the jury acquitted the appellant of theft. The state did not produce any evidence in the record that showed that the appellant knew that the vehicle that he had in his possession was a stolen vehicle. The circumstances surrounding the possession of the vehicle, namely: arriving at a late hour to request that the engine be removed; failing to pick up the body of the car after many requests; the fact that the car was a late model vehicle; the fact that appellant's sister had borrowed the vehicle from complainant on another occasion; may have warranted a conviction for theft, but do not support a conviction for theft by possession. Since the jury found the appellant guilty of the theft by possession and not guilty of the offense of theft, the case must be reversed and an acquittal entered.

REVERSED.