George Taylor **TUCK, Jr.,** Appellant,

v.

**STATE of Texas, Appellee.**

No. 01–86–0376–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 4, 1986.

Ken Goode, Goode & Goode, Houston, for appellant.

John B. Holmes, Jr. Harris County Dist. Atty., Leslie Brock, Jeff O'Dea, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and COHEN, JJ.

COHEN, Justice.

Appellant was convicted of theft by receiving stolen property. Tex.Penal Code Ann. sec. 31.03(b)(2) (Vernon Supp.1986). The jury found both enhancement paragraphs true and assessed punishment at 60 years confinement.

Appellant contends that the evidence was insufficient to prove that he knowingly possessed stolen property. The record reflects that Leta Fowler returned from work on October 11, 1985, and found her home ransacked from a burglary. Numerous items were missing, including a Curtis Mathes television set, vases, crystal bluebirds, an Olympus camera, oil paintings, bowls, homemade pickles, steaks, trash bags, onyx bookends, two credit cards, an expired driver's license, jewelry, fur coats, and prescription medicine.

At 1:30 p.m. on October 11, 1985, Jacinto City Chief of Police Wayne Speaks and Officer Manuel Garza stopped appellant in traffic for failing to display a license plate on his automobile. Thomas Williams was a passenger in the car.

As it turned out, appellant's car had a license plate, but it was obscured by a raised trunk lid that was resting on a large RCA television. Speaks questioned appellant about the television and various other items in the car. Appellant told Speaks that the items belonged to the passenger, Williams, whom appellant was helping to move from his, Williams', apartment. Speaks, having no reason to disbelieve appellant, turned the scene over to Garza and left.

Garza continued to question appellant about the contents of the car, and appellant repeated the same explanation. Williams, when questioned, confirmed that he and his girlfriend owned all the items in the car.

While talking with appellant, Officer Garza saw Williams throw something out of the car. Garza later found several credit cards and an expired driver's license, all with the name Leta Fowler on them, near the spot where Williams had made the throwing motion. Garza then arrested appellant for having no proof of insurance and Williams for "investigation."

Appellant made no furtive gestures, did not resist arrest or try to escape, did not appear to be under the influence of any drugs or alcohol, cooperated with the police, and, after being arrested, was permitted to drive his car to the Jacinto City Police Station, alone.

Fowler identified 56 items in the car, exclusive of the television, as hers. Apparently, some of the items in the car did not belong to Fowler.

■ The evidence reflects that recently stolen property was found in appellant's car. Although unexplained personal possession of recently stolen property creates a presumption of guilt sufficient to sustain a conviction for theft, under Tex.Penal Code Ann. section 31.03 b(1) (Vernon 1986); *Huff v. State*, 492 S.W.2d 532 (Tex.Crim. App.1973), no such presumption arises when the offense is theft by receiving. *Hynson v. State*, 656 S.W.2d 460, 461 (Tex. Crim.App.1983). Rather, possession is a circumstance to be considered, along with other relevant circumstances, in drawing an inference that an accused knew that the property he possessed was stolen by another. *Id.* at 462; *Ehrman v. State*, 580 S.W.2d 581, 583 (Tex.Crim.App.1979); *Cooper v. State*, 537 S.W.2d 940, 945 (Tex. Crim.App.1976); *Pool v. State*, 528 S.W.2d 255, 257 (Tex.Crim.App.1975).

In reviewing sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1976); *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App.1986).

The question here is whether the evidence is sufficient to prove that appellant appropriated the property knowing that it was stolen by another. Tex.Penal Code Ann. section 31.03(b)(2). "The word 'knowingly' . . . requires actual subjective knowledge, rather than knowledge that would have indicated to a reasonably prudent man that the property was stolen." *Dennis v. State*, 647 S.W.2d 275, 280 (Tex. Crim.App.1983). The only evidence tending to prove appellant's knowledge is the presence of the property in his car.

The State contends that appellant's knowledge was established by evidence that: (1) he possessed the property just a few hours after the burglary; (2) some items, i.e., the medicine, credit cards, and driver's license, had Fowler's name on them; and (3) many of the items were "female."

While recent possession may be highly probative in a case of theft, burglary, or robbery, it is less probative of guilt to the offense of knowingly receiving stolen property. *See Hagan v. State*, 132 Tex.Crim.R. 333, 104 S.W.2d 857 (1937). One who, without explanation, personally possesses property soon after a theft, burglary, or robbery, probably is the thief, burglar, or robber. But where the defendant is not accused of stealing the victim's property, Texas law has long refused to allow such a presumption.

Moreover, no evidence showed that appellant knew that Williams possessed items that bore the victim's name. No one testified that appellant saw or could have seen those items. *See Oaks v. State*, 642 S.W.2d 174, 177 (Tex.Crim.App.1982). Rather, Officer Garza testified that appellant was not in the car when Williams threw the items, which were banded together, from the car.

Finally, the "female" nature of the items is no evidence that appellant knew they were stolen. Officer Garza testified that Williams told him, at the scene, that they belonged to his girlfriend. No evidence indicates that appellant knew or had reason to know otherwise.

It is well established that if the State's evidence raises an inference that is inconsistent with the accused's guilt and that inference is not disproved beyond a reasonable doubt, then a finding of guilt is not a rational finding. *Freeman v. State*, 654 S.W.2d 450, 456–57 (Tex.Crim.App.1983); *Wilson v. State*, 654 S.W.2d 465, 472 (Tex. Crim.App.1983).

The State's evidence established appellant's explanation, and no evidence disproved that appellant was helping Williams move. Rather, the other evidence corroborated appellant's explanation. Edith Tuck, appellant's wife, testified that appellant left their house around 12:45 p.m. to help Williams and his girlfriend move. She testified that the car had nothing but a blanket in it when appellant left. Willie Bandy, a neighbor of Williams, testified that he saw appellant's car at Williams' apartment around 1:00 p.m. and that the car was empty. The State recalled Officer V.D. Fox and Detective Gary Akers, of the Piney Point Village Police Department, who testified that, in their opinion, it would take approximately 20 minutes to load the recovered property into the car. Appellant was stopped at 1:30 p.m.

Appellant's consistent explanation was not patently unreasonable and was never disproved. Even in a case of theft or burglary, a presumption of guilt may arise only from recent possession that is unexplained, and that involves a distinct and conscious assertion of right to the stolen property. Appellant's possession was reasonably explained by the State's and his own evidence and was never disproved. He never asserted any right to the stolen property; he consistently denied any such right. *See Rodriguez v. State*, 549 S.W.2d 747, 749 (Tex.Crim.App.1977).

In *Muniz v. State*, 663 S.W.2d 660 (Tex. App.—Corpus Christi 1983, no pet.), *McLemore v. State*, 638 S.W.2d 211 (Tex.App.— Houston [1st Dist.] 1982, no pet.), and *Huff v. State*, 492 S.W.2d 532 (Tex.Crim.App. 1973), circumstances more incriminating than those herein were held insufficient to sustain the convictions.

The third point of error is sustained.

The judgment is reversed, and a judgment of acquittal is ordered.