Brad Allen WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–205–CR.

Court of Appeals of Texas,
Corpus Christi.

March 14, 1991.

Juan Jose Martinez, Brownsville, for appellant.

Luis V. Saenz, Co. Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant, Brad Allen Wilson, guilty of the offense of theft by possession, and sentenced him to two years' confinement. By his sole point of error, he alleges that the evidence is insufficient to support the judgment. We reverse.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

The record shows that on October 15, 1989, appellant drove a Cadillac automobile into a motel parking lot located in Harlingen, Texas, and parked next to a van. He was subsequently arrested inside of the van and charged with burglary of a vehicle. After his arrest, he consented to having his vehicle searched. Officers found numerous property items in the trunk that did not belong to appellant. The owner of these items identified them at trial, and testified that they were taken from his rented car that he had parked at the Harlingen Inn, in Harlingen, Texas, on the day that appellant was arrested.

The elements of theft by possession are that 1) a person, 2) with intent to deprive the owner of property, 3) appropriates property, 4) which is stolen, 5) knowing the property had been stolen, 6) by another. *Polk v. State*, 749 S.W.2d 813, 816 (Tex.Crim.App.1988). In order for this offense to be perpetrated, the theft must have occurred prior to the individual obtaining the stolen property. *Muniz v. State*, 663 S.W.2d 660, 661 (Tex.App.—Corpus Christi 1983, no pet.). The receiver of the property must be one other than the thief. *Dennis v. State*, 647 S.W.2d 275, 280 (Tex. Crim.App.1983).

Unexplained personal possession of recently stolen property does not create a presumption of guilt sufficient to sustain a conviction for this offense. *Hynson v. State*, 656 S.W.2d 460, 462 (Tex.Crim.App. 1983). The unexplained possession will justify the conclusion that the one in possession committed the offense of theft, but it does not justify the conclusion that the property was received with knowledge that it was stolen by another. *Muniz*, 663 S.W.2d at 662. Proof of knowledge is still an essential element of the offense. *Ehrman v. State*, 580 S.W.2d 581, 583 (Tex. Crim.App.1979). Here, while the evidence may show that appellant was in possession of the stolen property on the day that it was stolen, no evidence exists in the record which shows that the property found in the vehicle's trunk was stolen by another. Consequently, the evidence is insufficient to sustain a conviction of theft by possession. The judgment of the trial court is reversed and an order of acquittal is entered.