**Vincent LACKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00337–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 4, 1992.

Cathy Herasimchuk, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before COHEN, DUGGAN and PRICE [1], JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of theft by receiving, found two enhancement para-

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

graphs to be true, and assessed punishment at 75–years imprisonment.

Appellant asserts the evidence is insufficient because no evidence showed he was not the original burglar or thief and no evidence showed he knew the copier was stolen when he received it.

We view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

On the morning of August 29, 1990, Ezrell Holmes telephoned his mother, Shirley Holmes, from the family owned insurance consulting company to report that several items were stolen from their business. After coming down to the business to investigate, Mrs. Holmes concluded that someone had knocked in the window unit air conditioner and gained entry into the business. The burglary occurred sometime between 6:00 p.m. on August 28 and 9:00 a.m. on August 29. A typewriter, calculator, two fire extinguishers, and a copy machine were stolen.

Mrs. Holmes telephoned the police and the Big State Pawn Shop down the street to describe the missing items. As the police arrived, the pawn shop called Mrs. Holmes. Ezrell went down to the pawn shop and identified a copy machine there as the one stolen from the business. He noticed appellant sitting in a truck outside the pawnshop and two other men inside the shop standing near the copier. Ezrell returned to the family business and told Houston Police Officer George Hunt that he had seen the copier at the pawnshop.

Hunt testified he saw appellant standing with another man near the copy machine and that appellant told Hunt he found it on the side of the road. Hunt arrested appellant and the other man for burglary.

A pawnshop employee, Renee Deluna, testified two men came into the shop and stated they had a copier to pawn. The two men brought in the machine, and Deluna dealt with them until Hunt arrived. The third man came into the shop to help the others in trying to get the copier to operate. The copier was not functioning and the glass top was broken when it was taken into the pawn shop. The other stolen items were never recovered.

■ Appellant argues the State failed to prove the person who committed the original burglary and theft was someone *other than* appellant. The elements of theft by receiving are: 1) a person, 2) with intent to deprive the owner of property, 3) appropriates property, 4) which is stolen property, 5) knowing it was stolen by another. *Polk v. State,* 749 S.W.2d 813, 816 (Tex.Crim.App.1988); TEX.PENAL CODE ANN. § 31.03(b)(2) (Vernon 1989). The State need not prove the thief's identity. *Polk,* 749 S.W.2d at 816. We hold that appellant's statement to Officer Hunt that he found the copy machine on the side of the road was sufficient evidence that appellant was not the original thief.

■ Appellant further contends the evidence was insufficient to prove he knew the property was stolen. TEX.PENAL CODE ANN. § 31.03(b)(2) (Vernon 1989). "The word 'knowingly' ... requires actual subjective knowledge that would have indicated to a reasonably prudent man that the property was stolen." *Dennis v. State,* 647 S.W.2d 275, 280 (Tex.Crim.App.1983). The only evidence tending to prove appellant's knowledge was his possession of the copier.

■ Although unexplained personal possession of recently stolen property creates a presumption of guilt sufficient to sustain a conviction for theft, under TEX.PENAL CODE ANN. § 31.03(b)(1) (Vernon 1989), no such presumption arises when the offense is theft by receiving. *Hynson v. State,* 656 S.W.2d 460, 461 (Tex.Crim.App. 1983); *Tuck v. State,* 722 S.W.2d 34, 35 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Rather, possession is a circumstance to be considered, along with other relevant circumstances, in drawing an inference that an accused knew the property was stolen by another. *Tuck,* 722 S.W.2d at 35. The falsity of an explanation may be shown by circumstantial evidence and determined

**164**

by a jury in light of all the facts. *Callahan v. State*, 502 S.W.2d 3, 7 (Tex.Crim. App.1973). However, even if the jury did not believe appellant's explanation that he found the copier on the road, that is not evidence that he knew it was stolen. A factfinder "may not find facts necessary to prove an element of a criminal offense purely on the basis of its disbelief of the accused's contrary assertions." *Gold v. State*, 736 S.W.2d 685, 689 (Tex.Crim.App. 1987), *overruled in part on other grounds, Torres v. State*, 785 S.W.2d 824, 825 (Tex.Crim.App.1989). Neither appellant's statement that he found the copier nor his attempt to pawn the copier prove he knew it was stolen. Although appellant possessed the copier the morning after it was stolen, no evidence shows he had subjective knowledge it was stolen. The State was required to prove that beyond a reasonable doubt. TEX.PENAL CODE ANN. § 31.-03(b)(2) (Vernon 1989). Consequently, the evidence is insufficient.

The judgment is reversed and reformed to show that appellant is acquitted.